Ex parte Edwin C. BONIFACE, Relator.

No. C–1931.

Supreme Court of Texas.

May 25, 1983.
Rehearing Denied June 22, 1983.

of the appeal. We hold that the district court was without jurisdiction; therefore, the contempt order committing Boniface to jail is void.

On May 26, 1982 the 169th District Court of Bell County entered a final judgment directing Boniface to make monthly retirement benefit payments to his former wife. Boniface timely perfected his appeal to the Court of Appeals for the Third Supreme Judicial District by filing a cost bond. He did not file a supersedeas bond in connection with the appeal. Thereafter, Boniface failed to make the monthly retirement benefit payments. On December 22, 1982, the district court heard evidence establishing that Boniface was in arrears, held him in contempt of court and committed him to jail. Boniface argues that the contempt order was void since he had appealed the final judgment to the court of appeals prior to the contempt hearing in the trial court. The respondent urges that since Boniface did not file a supersedeas bond, the trial court retained jurisdiction to punish him for contempt. The court of appeals denied habeas corpus relief. 646 S.W.2d 333 (Tex. App.—Austin 1983).

The question of whether a trial court retains jurisdiction to conduct contempt proceedings for a violation of its order, after that order has been appealed, is addressed in *Ex Parte Travis,* 123 Tex. 480, 73 S.W.2d 487, 489 (1934).

"After the jurisdiction of the Appellate Court attached, it alone was clothed with the power to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the injunction pending the appeal, as well as to enforce its own final judgment, unless or until such judgment was subjected to review by a higher court. The district court could exercise no such authority while power to consider and determine these very matters lay exclusively in a higher court."

Generally contempt proceedings for violations of judgments and orders granting

Law Office of Don Busby, Jack Jones, Temple, for relator.

Cuba, Simmon and Mayfield, Randall Simmon and Mark Steven Mayfield, Temple, for respondent.

ROBERTSON, Justice.

This is an original habeas corpus proceeding by which Edwin C. Boniface seeks his release from custody of the sheriff of Bell County for failure to make Civil Service retirement benefit payments to his ex-wife. The sole question here is whether the district court had jurisdiction to conduct a contempt proceeding during the pendency

injunctive relief are instituted in the court from which the judgment or order emanated. But, after the jurisdiction of the appellate court has attached, the proceedings for enforcement must be instituted *in that court* rather than in the trial court. 13 Mitchell and Gilbert, *Texas Practices,* § 3291 (1970).

The cases which state the above rule involve appeals of temporary injunctions. *Ex Parte Travis, supra; Ex Parte Werblud,* 536 S.W.2d 542 (Tex.1976); *Ex Parte Duncan,* 127 Tex. 507, 95 S.W.2d 675 (1934). There is no rational basis for applying a different rule to appeals from temporary injunctions and appeals from final judgments, as here.

 An appeal is perfected to the court of appeals by the filing of a proper cost bond or affidavit in lieu thereof. Tex.R. Civ.P. 363. Boniface complied with this rule by timely filing his bond in the court of appeals. Tex.R.Civ.P. 357 and 368 provide that a trial court's judgment is not suspended by filing a cost bond, but it is stayed by the filing of a proper supersedeas bond. Since Boniface did not file a supersedeas bond, the order of the trial directing him to pay retirement benefits to his former wife remained in full force and effect pending the appeal. But the power to enforce the trial court's order belonged to the appellate court. As this Court noted in *Ex Parte Kimbrough,* " . . . even if the judgment had not been superseded, the contempt, if any, committed after the appeal had been perfected would [be] punishable only by the Court of Civil Appeals." 135 Tex. 624, 146 S.W.2d 371, 372 (1941).

When the proof of an alleged contempt requires a factual hearing, the court of appeals may, of course, refer the matter of hearing evidence and taking testimony to the district court. The lower court will then forward the transcript of evidence to the court of appeals. This is ordinarily the preferable procedure. In this instance, the appellate court retains jurisdiction of the contempt hearing, though the factual in-

quiry is conducted in the trial court. *Ex Parte Werblud, supra.*

Since the trial court in this case had no jurisdiction to enter the contempt and commitment order, we hold that such order is void and release Boniface from custody.