**Michael Ray MARTIN, Relator,**

v.

**Honorable Robert O'DONNELL, Respondent.**

**No. 05–85–00239–CV.**

Court of Appeals of Texas, Dallas.

April 3, 1985.

Roy E. De Lay, III, Dallas, for relator.

Lawrence B. Mitchell, Dallas, for real party in interest on writ of mandamus, Janet Sue Martin.

Before SPARLING, WHITHAM and DE-VANY, JJ.

SPARLING, Justice.

This is an original mandamus proceeding. Relator, Michael Ray Martin, seeks the writ to compel Honorable Robert O'Donnell to vacate his order dismissing for want of jurisdiction an application for writ of habeas corpus for possession of Martin's children. The writ is conditionally granted.

Relator was divorced from Janet Martin on August 17, 1984, at which time he was appointed managing conservator of the two children of the marriage and Janet was appointed possessory conservator. Janet perfected an appeal from the judgment which is presently pending in this court. Janet refused to return possession of the children at the end of the last visitation period and Michael filed an application for writ of habeas corpus in the trial court. The court dismissed the application for want of jurisdiction. The question presented is whether a trial court has jurisdiction to grant or deny a writ of habeas corpus for possession of children while the underlying judgment is on appeal. We hold that the pending appeal does not deprive the trial court of jurisdiction to consider an application for writ of habeas corpus. Therefore, mandamus is a proper remedy to compel the trial court to proceed to trial and judgment. TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon Supp.1985).

Janet argues that, based on the decision in *Ex parte Boniface,* 650 S.W.2d 776 (Tex. 1983), the trial court properly dismissed the application. We disagree. In *Boniface,* the relator sought release from custody after being found in contempt of court for failure to make civil service retirement benefits to his ex-wife as ordered by the trial court. Boniface had perfected an appeal from the order to make payments but had not filed a supersedeas bond in connection with the appeal. The respondent in that case contended that since Boniface did not file a supersedeas bond the trial court retained jurisdiction to punish him for contempt. The supreme court disagreed and held that the trial court's order was void. The opinion in *Boniface* appears to set out an exception to the general rule that a trial court can enforce its judgment pending appeal in the absence of a supersedeas bond. Without defining the scope of the *Boniface* exception, we hold that it does not apply to the trial court's ability to hear and decide an application for writ of habeas corpus when an appeal has been taken from the order of conservatorship.

The trial court's authority with regard to habeas corpus in child custody matters is clearly mandated by section 14.10 of the Family Code. TEX.FAM.CODE ANN. § 14.10 (Vernon Supp.1975–1985). It sets out a simple procedure whereby the party armed with an order for managing conservator is entitled to have the trial court return possession of the child instanter. *Marshall v. Wilson,* 616 S.W.2d 932, 933 (Tex.1981). When there is an outstanding custody order, absent the statutory exceptions of six months non-custody or immediate serious danger to the child, the trial court's duty in a child custody habeas corpus proceeding to order the immediate return of the child to the managing conservator is ministerial. *Hui-Mei Wise v. Yates,* 639 S.W.2d 460 (Tex.1982); *Marshall,* 616 S.W.2d at 932. To ensure that the writ of habeas corpus is a ready means for deliverance of a child from unlawful detention, a petition for the writ under section 14.10 may be brought in the county where the child is physically present, the county where the court of continuing jurisdiction lies, or in the county where the applicant resides. *Alvarado v. Alvarado,* 583 S.W.2d 909, 911–12 (Tex.Civ.App.—Corpus Christi 1979, no writ), *citing Trader v. Dear,* 565 S.W.2d 233 (Tex.1978).

The Family Code has been described as a "scheme for handling parent-child matters in a manner that avoids forum shopping,

races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts." *Trader v. Dear*, 565 S.W.2d at 235 (Tex.1978). The supreme court has also emphasized that in enacting section 14.10 of the Family Code, the underlying legislative intent was to achieve immediacy and simplicity when using a writ of habeas corpus to compel the return of children:

> The Code restored the writ of habeas corpus to its purpose as an ancient common law writ. As such, it is a ready means of deliverance of a child from unlawful detention. It has often been termed the Great Writ. Its special value comes not only from its purpose but also from the speed and simplicity with which it may and should be used.

*Strobel v. Thurman*, 565 S.W.2d 238, 239 (Tex.1978).

■ The purpose of the writ of habeas corpus in child custody matters is to grant prompt relief to a party legally entitled to custody. The promptness and sureness of this remedy would be defeated, at least in part, if the trial court lost its jurisdiction to hear an application for such a writ when an appeal is pending from the order of conservatorship. If a party is unhappy with the decision of the trial court regarding conservatorship, he or she may apply for relief under TEX.FAM.CODE ANN. § 11.19 (Vernon Supp.1975–1985) and TEX.R. CIV.P. 364 which contain special provisions for suspension of the judgment in suits affecting the parent-child relationship.

In 1946 the Texas Supreme Court amended rule 364 to include a subdivision providing that when an appeal is from a judgment involving care or custody of a child, a supersedeas bond will not have the effect of suspending the judgment as to care or custody of the child unless so ordered by the trial court. Additionally, the appellate court, upon a proper showing, may permit the judgment to be suspended. This provision has been carried forward in rule 364(g) and was incorporated into section 11.19(c) when the Family Code was enacted. Section 11.19 and rule 364 provide that the judgment affecting conservatorship, while an appeal of that judgment is pending, will not be suspended. That rule and section further give the court the power to suspend the judgment. Therefore, it follows that the trial court must retain jurisdiction since it has this power. Once the trial court has ordered who should have custody of children, that order should be observed until set aside on appeal or until the judgment is suspended as provided by section 11.19 and rule 364(g). Unless and until the judgment appealed from is suspended in accordance with these special provisions applicable to judgments affecting the care and custody of a child, the trial court retains jurisdiction to hear an application for writ of habeas corpus and to determine whether to compel the return of the children to relator under section 14.10 of the Family Code.

The trial court in the present case dismissed the application for writ of habeas corpus to return the children in the belief that it did not have jurisdiction. Since the exception announced in *Boniface* does not apply in this situation, we hold that the trial court retains jurisdiction to compel the return of the children. The writ of mandamus shall issue only if the trial court fails to act within seven days in accordance with this opinion.

WHITHAM, Justice, dissenting.

I respectfully dissent. In my view, the trial court correctly dismissed the father's application for writ of habeas corpus for want of jurisdiction. In holding to the contrary, the majority ignores the holding in *Ex parte Boniface*, 650 S.W.2d 776, 778 (Tex.1983), that "after the jurisdiction of the appellate court has attached, the proceedings for enforcement must be instituted in that court rather than in the trial court." To my mind, the application for habeas corpus in the trial court in the present case constitutes "proceedings for enforcement" within the meaning of that holding in *Boniface*. Contrary to the majority, I do not believe that *Boniface's* ref-

erence to "proceedings for enforcement" is limited to the facts of that case only.

Consequently, the proper procedure in cases such as the present case is as dictated by *Boniface*. I read *Boniface* to allow this court jurisdiction to enforce trial courts' child custody and visitation orders when the judgment is on appeal through original application for writ of habeas corpus filed in this court. If the application requires proof, we must then comply with *Boniface* and:

> [R]efer the matter of hearing evidence and taking testimony to the district court. The lower court will then forward the transcript of evidence to the court of appeals. This is ordinarily the preferable procedure. In this instance, the appellate court retains jurisdiction of the [application] though the factual inquiry is conducted in the trial court.

*Boniface*, 650 S.W.2d at 778.

Such an original application was presented to this court and denied. I would set aside that denial and follow *Boniface*. I read *Boniface* as did the trial court. Consequently, I would deny the writ of mandamus.