### Martha Caldwell BIVINS, Relator,

v.

### Julian Lee BIVINS, II, Respondent.

### No. 07–86–0088–CV.

Court of Appeals of Texas, Amarillo.

April 30, 1986.

Danny M. Needham, Gibson, Ochsner & Adkins, Amarillo, for relator.

Ronald E. Walker, Jr., Amarillo, for respondent.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Martha Caldwell Bivins, as Relator, has tendered a motion for leave to file an original contempt proceeding in this Court against her former husband, Respondent Julian Lee Bivins, II, for failing to pay child support. Rule 383.[1] For the reasons hereafter stated, we deny the motion for leave to file.

Relator and her husband were divorced on September 1, 1983, by a judgment of the 251st Judicial District Court of Randall County, Texas. After the judgment was rendered, a supersedeas bond was posted and an appeal to this Court was perfected. By an opinion dated March 24, 1986, this Court affirmed the judgment of the trial court and, on this date, we have overruled the motion for rehearing.

Relator's motion for leave to file this original proceeding was tendered on April 8, 1986. Accompanying the motion are pleadings and documents by which Relator contends her former husband was ordered to pay $2300 per month to her as support for their minor child, beginning September 1, 1983, and is $16,800 in arrears at this time. She asks us to hold him in contempt of the trial court's support order and to impose sanctions.

The threshold question before us, therefore, is whether a support order that is part of the final judgment can be enforced, and its violation punished, by the appellate

---

1. All Rules are from the Texas Rules of Civil Procedure.

court while the case is on appeal. The Texas Family Code does not speak to the question and there is an apparent inconsistency in the case law, but we have concluded that the correct legal and practical resolution is to leave enforcement to the trial court.

In 1954, in *Ex parte Kollenborn*, 153 Tex. 350, 269 S.W.2d 339 (1954), the Texas Supreme Court held that the trial court is the proper forum for enforcement of all temporary support orders while a case is on appeal:

> We hold that the appeal of the divorce judgment and the filing of the supersedeas bond did not supersede either the child support or temporary alimony and that the trial court retained a continuing jurisdiction to enforce both.

The El Paso Court of Civil Appeals followed *Kollenborn* in *Ex parte Henderson*, 512 S.W.2d 37, 39 (Tex.Civ.App.—El Paso 1974, no writ), in upholding a child custody contempt order issued while the case was on appeal. And in *Martin v. O'Donnell*, 690 S.W.2d 75 (Tex.App.—Dallas 1985, no writ), the Dallas Court of Appeals held that an appeal does not deprive a trial court of authority to enforce a child custody order through a writ of habeas corpus.

The *Kollenborn* holding on child support enforcement was a collateral application of the Supreme Court's long held view that the trial court could enforce temporary alimony orders while the case was on appeal. *Ex parte Scott*, 133 Tex. 1, 123 S.W.2d 306 (1939); *Ex parte Hodges*, 130 Tex. 280, 109 S.W.2d 964 (1937); *Ex parte Lohmuller*, 103 Tex. 474, 129 S.W. 834 (1910). It appears to be the first time that the Court specifically applied the same rule to child support orders.

The authority of *Kollenborn* has been in doubt recently because of the Supreme Court's holding in *Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983). *Boniface* was an original habeas corpus proceeding initiated in the Supreme Court by Mr. Boniface, who wanted out of jail. The trial court had ordered him to pay monthly retirement benefits to his ex-wife and committed him to jail, during his appeal of the order, for not making the payments. The Supreme Court ordered Mr. Boniface released from jail and held, in broad language, that absent a supersedeas bond the payment order remained in effect and the power to enforce it belonged to the appellate court while the case was on appeal.

The 14th Court of Appeals in Houston, in *Whitt v. Whitt*, 684 S.W.2d 731 (Tex.App.—Houston [14th Dist.] 1984, no writ), and Justice Whitham, dissenting in *Martin v. O'Donnell*, 690 S.W.2d at 77–78 concluded that *Boniface* means contempt actions based on violations of child support and custody orders initiated while the case is on appeal must be filed in the appellate court where the appeal is pending, and not in the trial court.[2] Certainly their views find support in the all encompassing language of *Boniface*. We have concluded, however, that *Boniface* is not applicable to child support or temporary support orders, for several reasons.

First, as noted above, *Kollenborn* is authority, both factually and legally, for our conclusion. It has not been overruled and was not even mentioned in *Boniface*. Also, *Boniface* is distinguishable factually because the order in question was a property sharing order, not a support order.

Next, we find indications in the Texas Family Code that the trial court is the preferred forum for the repair, maintenance and policing of family matters while the appellate process pends. For instance, in 1985 the Legislature established in subsection (h) of section 3.58 of the Family Code a procedure by which the trial court can, during the 30 days after an appeal is perfected, make any order necessary "for the preservation of the property and for

---

**2.** This Court indicated its agreement with that construction of *Boniface* in an unpublished opinion issued in *In the Matter of the Marriage of Martha Caldwell Bivins and Julian Lee Bivins, II, et alius*, No. 07–83–0322–CV (Tex.App.— Amarillo Aug. 6, 1985) (unpublished). Although we adhere to the ruling stated in the unpublished opinion, our language was too broad and by this opinion we retreat to a defensible position.

the protection of the parties during the pendency of the appeal...." Then, in the next subsection of section 3.58, the Legislature specifically empowered the trial court to enforce orders entered under subsection (h).[3] The Legislature added to section 11.-11 of the Family Code the same trial court authority to enter, during the first 30 days after an appeal is perfected, and enforce while the appeal is pending, temporary orders necessary for the protection of a child. Tex.Fam.Code Ann. § 11.11(e), (f) (Vernon Pamph. Supp.1986).

Finally, practicality and common sense dictate the result we reach. An appellate court is not equipped to handle evidentiary hearings, having neither the personnel nor the facilities for that purpose. We could, of course, direct the trial court to hold the evidentiary hearing and send us the record, *Boniface*, 650 S.W.2d at 778, but that is an awkward, expensive and time consuming procedure. A mother in Dalhart who is entitled to, but has not received, several hundred dollars in child support may forego the needed assistance rather than attempt to litigate the matter in Amarillo, or Austin, or Washington, D.C., where the appeal is pending.

For the foregoing reasons, we deny leave to file the original contempt proceeding tendered by Mrs. Bivins and hold that the 251st District Court of Randall County, Texas is the proper forum in which to litigate the matter.

---

**3.** Commenting on this amendment to the Family Code in Sampson, Tindall, McKnight and Dawson, *1985 Legislation Affecting Family Law Practice—the 69th Session—*, 85–2 State Bar Section Report, Family Law 9 (1985), University of Texas School of Law Professor John J. Sampson states, erroneously, that the amendment to section 3.58 "reverses" *Ex parte Boniface.* Actually, the amendment does not touch *Boniface.* The order Mr. Boniface violated was the final judgment in the case, not a post-trial order entered within 30 days after the appeal was perfected. Unless the Supreme Court changes its mind, the result in *Boniface* would be the same today as in 1983.