James W. SULLIVAN, Appellant,

v.

Katharine J. SULLIVAN, Appellee.

No. 05–86–00297–CV.

Court of Appeals of Texas,
Dallas.

Oct. 1, 1986.

Rehearing Denied Nov. 14, 1986.

James W. Sullivan, pro se.

Lee Shipp, Dallas, for appellee.

Before GUITTARD, C.J., and McCRAW and STEWART, JJ.

McCRAW, Justice.

Katharine J. Sullivan filed a motion for contempt alleging that James W. Sullivan had failed to make certain child support payments as ordered by their divorce decree. She filed the motion in this Court, because the divorce decree is before us on appeal. On the Court's own motion, we hold that the trial court has continuing jurisdiction to enforce its decree of divorce.

We therefore dismiss Katharine's motion without prejudice to her proceeding further in the trial court.

Originally, Katharine filed a motion for contempt in the 255th judicial district court of Dallas County, Texas ("255th Court"). James filed a motion to quash Katharine's motion, and argued, in part, that the 255th Court lacked jurisdiction, citing *Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983). Katharine asserts that the 255th Court informed her that it had lost jurisdiction of this cause, although no order formally disposing of Katharine's motion appears to have been entered. At any rate, on March 19, 1986, Katharine filed her motion for contempt in this Court. She requested that we refer the motion back to the 255th Court for an evidentiary hearing. We granted her request. The 255th Court conducted a hearing on May 27, 1986 and transmitted the statement of facts of that hearing, along with its findings and recommendations, back to this Court. The parties have since exchanged numerous motions, responses, and replies regarding the statement of facts and the 255th Court's findings. In particular, James filed a motion asserting that the statement of facts contained numerous inaccuracies and omissions, and another motion seeking "reversal" of the 255th Court's findings and recommendations, again in part based on James's dissatisfaction with the statement of facts. Thus, if we were to assert continued jurisdiction over Katharine's motion, rule 55(a) of the Texas Rules of Appellate Procedure would mandate referring the matter to the 255th Court once again, for yet another hearing. We doubt that the law requires such repeated and inefficient referrals.

Indeed, that very point is made in *Bivins v. Bivins*, 709 S.W.2d 374, 376 (Tex.App.—Amarillo 1986, no writ), an opinion issued after Katharine filed her motion in this Court. The *Bivins* Court stated:

> [P]racticality and common sense dictate the result we reach. An appellate court is not equipped to handle evidentiary hearings, having neither the personnel

nor the facilities for that purpose. We could, of course, direct the trial court to hold the evidentiary hearing and send us the record, ... but that is an awkward, expensive and time consuming procedure.

*Id.* (citation omitted). There is no doubt that, in the present case, a final disposition of Katharine's contempt motion could be far more efficiently, inexpensively, and expeditiously handled by the 255th Court than by this Court.

*Ex parte Boniface,* 650 S.W.2d 776, 777–78 (Tex.1983), does lend apparent support to James's position; it appears to hold that only the appellate courts have jurisdiction to enforce any orders before them on appeal. We agree with the *Bivins* Court, however, that the *Boniface* language is "all encompassing," 709 S.W.2d at 375, and that reliance on such broad language, without confining that language to the facts in *Boniface,* leads to an indefensible position. 709 S.W.2d at 375 n. 2.

Furthermore, this Court has previously held that *Boniface* is "an exception to the general rule that a trial court can enforce its judgment pending appeal." *Martin v. O'Donnell,* 690 S.W.2d 75, 77 (Tex.App.—Dallas 1985) (conditionally granting mandamus compelling trial court to vacate order dismissing application for writ of habeas corpus). The legislature has clearly stated that a supersedeas bond does not suspend an order of child support, unless the trial court orders suspension. TEX.FAM.CODE ANN. 11.19(c) (Vernon 1975). If, however, the trial court has, in the first instance, the authority to decide whether a child support order should be enforced pending appeal, it would be inconsistent to hold that the trial court lacked authority to implement its decisions and enforce its order pending appeal. *See Martin,* 690 S.W.2d at 77 (if trial court has power to suspend conservatorship orders pending appeal, it must retain jurisdiction over those orders).

We conclude, therefore, that the *Boniface* holding should be narrowly restricted to the facts in that case and not applied here. We agree with the *Bivins* opinion that an appellate court does not have the means to conduct evidentiary hearings, and that referrals from an appellate court to a trial court are needlessly inefficient. We adhere to the rationale in *Martin* that the Family Code contemplates the trial court's retaining jurisdiction to enforce its orders affecting the parent-child relationship, even when those orders are being appealed.

We hold, therefore, that the trial court has jurisdiction to enforce, by contempt, its child support order, pending an appeal of that order. Accordingly, we dismiss Katharine's motion for contempt without prejudice to further proceedings in the 255th Court and direct our clerk to return the record of the May 27, 1986 hearing to the district court clerk.