**Martin JANO and Casualty Assurance Risk Insurance Brokerage Company, Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 3–90–041–CV.

Court of Appeals of Texas, Austin.

Sept. 5, 1990.

Peter M. Koelling, San Antonio, for appellants.

Fred I. Lewis, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and ABOUSSIE and JONES, JJ.

ORDER

PER CURIAM.

Appellants Martin Jano and Casualty Assurance Risk Insurance Brokerage Company (CARIB) timely perfected their appeal from an order of the district court of Travis County by filing their cost bonds on appeal on February 13, 1990. *See* Tex.R. App.P.Ann. 42 (Supp.1990). By its order, the district court temporarily enjoined appellants from doing the business of insurance in the State of Texas without a certifi-

cate of authority, license, or valid exemption; and ordered each to deposit cash or a bond in the amount of $1,500,000 with the district clerk of Travis County.

On April 13, 1990, appellee the State of Texas filed, in this Court, motions for contempt for violation of the trial court's temporary injunction order and for violation of the trial court's bond order against Jano and CARIB. By its motions, appellee asserts that appellants continue to do the business of insurance in the state and that neither has deposited cash or a bond in the required amount with the district clerk. On August 22, appellee filed its second motions for contempt again asserting that appellants continue to do the business of insurance in the state in violation of the district court's temporary injunction order.

By its latest motions, appellee requests this Court to require appellants to appear at a show cause hearing in the district court of Travis County and, after such hearing and forwarding of the record to this Court, to find appellants in contempt for failure to comply with the order of temporary injunction. As this Court understands appellee's several motions, appellee no longer seeks relief as to appellants' failure to make a cash deposit or to post a bond.

Texas R.App.P.Ann. 43(e) (Supp.1990) provides:

> Pending an appeal from an interlocutory order, the order may be enforced only by the appellate court in which the appeal is pending, *except that the appellate court may refer any enforcement proceeding to the trial court with instructions to hear evidence and grant such relief as may be appropriate.* The appellate court may also instruct the trial court to make findings and report them with his recommendations to the appellate court.

(Emphasis added.) (Previously Tex.R.Civ. P.Ann. 385b(e), effective April 1, 1984, by order dated December 5, 1983); *cf. Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983) (decided May 25, 1983).

Because an appellate court does not have the means to conduct an evidentiary hearing and because referrals for recommendations from an appellate court to the trial court are inefficient, this Court determines to refer the proceeding to the trial court to hear evidence and to grant such relief as may be appropriate pursuant to Rule 43(e). Accordingly, this Court directs appellee the State of Texas to file its motions for contempt for violations of the order of temporary injunction in the district court of Travis County. We further direct that the district court of Travis County may proceed to hear evidence in regard to said motions and may grant such relief as may be appropriate.

Nothing done hereby or written herein should be construed as an expression of opinion by this Court upon the merits of the underlying appeal.

It is so ordered this 5th day of September 1990.