In the Interest of Regina GONZALEZ.

No. 04–98–00145–CV.

Court of Appeals of Texas,
San Antonio.

July 29, 1998.

Victoria Valerga, San Antonio, for appellant.

Richard R. Orsinger, San Antonio, for appellee.

Before LÓPEZ, and STONE and DUNCAN, JJ.

OPINION

LOPEZ, Justice.

This appeal challenges the trial court's dismissal of a post-judgment enforcement proceeding in a paternity suit. The appeal originated from a lawsuit filed by Luisa Gonzalez on behalf of her daughter, Regina. Gonzalez obtained court orders for child support and arrearages against the child's father, Jose Antonio O'Farrill Avila. In its Final Decree in Parentage Suit, the trial court ordered Avila to deposit $1 Million with the court. The decree further ordered that the deposit be placed in trust and distributed to Gonzalez in monthly increments of $6,300 for support of Regina. Avila appealed this decree.

After Avila perfected his appeal, Gonzalez filed a motion for confirmation of arrearages because Avila failed to comply with the court's orders. Specifically, Gonzalez asked the trial court to reduce the following orders to a money judgment:

a. "Order on Pretrial Conference" awarding Gonzalez $6,030 per month in temporary child support.

b. "Order Granting Judgment for Child Support Arrearage" granting Gonzalez $64,089, plus interest, in child support arrearages.

c. "Final Decree in Parentage Suit" ordering child support in the amount of $6,300 per month and ordering Avila to deposit the $1 Million with the court.

In response to Gonzalez's motion, Avila moved to dismiss the proceeding, contending the trial court did not have jurisdiction to enforce the orders because an appeal was pending on the paternity judgment and that, as a result of the appeal, jurisdiction for enforcement rested with this court. The trial court, apparently persuaded by Avila's argument, dismissed the proceeding, stating in its dismissal order that the trial court did not have jurisdiction to enforce the orders awarding child support.

In two issues, Gonzalez asks us to reverse the trial court's order dismissing her motion for confirmation of arrearages and to order the trial court to entertain her motion. In her first issue, Gonzalez contends that the trial court has an affirmative duty under section 157.263 of the Family Code to render judgment for accrued but unpaid child support where a proper motion has been filed and no allegation of payments or offset has been raised. Because she filed a motion asking for the arrearages to be reduced to judgment and because Avila does not contend he has paid child support, Gonzalez maintains that the trial court erred by dismissing her motion for want of jurisdiction. In her second issue, she maintains that the trial court has jurisdiction over the proceeding even though the merits of the court's final decree is pending appeal. We first determine which court—the trial court or this court—has jurisdiction to enforce the orders.

■ Section 109.001 of the Texas Family Code anticipates the need to protect the safety and welfare of a minor child during the pendency of an appeal. With respect to temporary orders, the Code provides that:

(a) Not later than the 30th day after the date an appeal is perfected, on the motion of any party or on the court's own motion and after notice and hearing, the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of the appeal as the court may deem necessary and equita-

ble. In addition to other matters, an order may:

* * *

(6) *suspend the operation of the order or judgment that is being appealed.*

TEX. FAM.CODE ANN. § 109.001 (Vernon 1996) (emphasis added). Logically, if the trial court has the authority to *suspend* an order or judgment that is being appealed, the court has jurisdiction to *enforce* an order or judgment that is being appealed. *See Sullivan v. Sullivan,* 719 S.W.2d 239, 240 (Tex.App.—Dallas 1986, writ denied); *Bivins v. Bivins,* 709 S.W.2d 374, 376 (Tex.App.—Amarillo 1986, no writ). While this provision might appear to empower the court to act only within a 30–day window after an appeal is perfected, the Code clearly indicates in section 109.001 that the court retains jurisdiction beyond 30 days even where the merits of the order is under appeal.

Notably, subsection (b) of section 109.001 provides that the trial "court retains jurisdiction to enforce its orders rendered under this section unless the appellate court, on a proper showing, supersedes the court's order." TEX. FAM.CODE ANN. § 109.001(b) (Vernon 1996). We interpret this language to mean that the trial court retains jurisdiction to enforce temporary orders for child support whenever the payor-parent fails to pay. In this case, this court has not superceded the trial court's orders nor has the trial court suspended enforcement of the orders; and therefore, the trial court has jurisdiction to reduce the order awarding temporary child support to a money judgment.

■ Similarly, section 109.002 addresses the trial court's power to enforce final orders. Specifically, the Code provides:

(c) An appeal from a final order, with or without a supersedeas bond, does not suspend the order unless suspension is ordered by the court rendering the order. The appellate court, upon a proper showing, may permit the order to be suspended.

TEX. FAM.CODE ANN. § 109.002(c) (Vernon 1996). In the instant case, neither the trial court nor this court has suspended enforcement of the orders awarding Gonzalez child

support. Because the court's orders have not been suspended, the trial court has the authority to reduce arrearages due by virtue of its previous orders to a money judgment. *See id.* § 157.263 (directing trial court to reduce arrearages to a money judgment upon request). Although this determination may appear to conflict with the holding in *Ex parte Boniface,* we find that case distinguishable from this one. *See Ex parte Boniface,* 650 S.W.2d 776, 778 (Tex.1983).

In *Boniface,* the Supreme Court of Texas determined that proceedings for enforcement of an order awarding an ex-wife a share of her ex-husband's retirement pay rested with the appellate court because the order directing payment was pending appeal. *Boniface,* 650 S.W.2d at 778. Specifically, the Court determined that the trial court did not have jurisdiction to hold the payor-spouse in contempt for not complying with the trial court's order. *Id.* Despite this seemingly contrary holding, the Court also held that the order directing the husband to pay still maintained "full force and effect pending the appeal" because the order had not been suspended. *Id.* Like the order directing payment of retirement benefits in *Boniface,* the orders awarding Gonzalez child support have not been suspended. Thus, the orders maintain full force and effect pending an adverse ruling in Avila's appeal. Because the trial court retains jurisdiction to enforce its order unless the appellate court supercedes the order, Gonzalez is entitled to have the arrearages reduced to judgment as an action necessary to preserve and protect the safety and welfare of Regina Gonzalez. *See* TEX. FAM.CODE ANN. § 109.001(b), 109.002 (Vernon 1996); *see also id.* § 157.263. As a result, we sustain Gonzalez's second issue.

Having determined in Gonzalez's second issue that the trial court has jurisdiction to reduce her arrearages to a money judgment, we need only consider whether the Family Code places the trial court under an affirmative duty to reduce the arrearages to a money judgment. Section 157.263 provides that

> [i]f a motion for enforcement of child support requests a money judgment for arrearages, the court *shall* confirm the

amount of arrearages and render one cumulative money judgment.

TEX. FAM.CODE ANN. § 157.263 (Vernon 1996) (emphasis added). We find that by using the word "shall" in section 157.263, the Legislature intended to place the trial court under an affirmative duty. Because the language of section 157.263 is mandatory, the trial court erred by dismissing Gonzalez's motion for confirmation of arrearages. We sustain Gonzalez's first issue.

Having determined that the trial court had jurisdiction to reduce the child support arrearages to a money judgment, and that the court was bound to do so by section 157.263, we reverse the dismissal order.