Julie MILLS and Multimortgage
Bancorp., Inc., Appellants,

v.

Mittie Louise HAGGARD,
et al., Appellees.

No. 10–00–122–CV.

Court of Appeals of Texas,
Waco.

May 31, 2000.

Lester R. Buzbee, III, Humble, for appellants.

Barbara Moe, Moe & York, P.L.L.C., Corsicana, for appellees.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Julie Mills and Multimortgage Bancorp, Inc. (Mills) appealed a judgment in favor of Mittie, James, Rex and Robbie Haggard (the Haggards). A dispute has now arisen between Mills and the court reporters who are preparing the record for appeal. We abate the appeal and refer the case to the trial court for an evidentiary hearing to resolve this dispute.

This Court received notification from one of the court reporters that the record had not been filed because Mills had not made arrangements to pay for the record's preparation. TEX. R. APP. P. 35.3(b). Two weeks later, Mills filed a motion for show cause alleging that arrangements had been made for the payment of the record and that the record was paid in full. Mills alleges that the funds paid for the preparation of the record had been used to offset bills created by the trial attorney in this cause. The reporter's record is now past due. Id. 35.1.

Mills asks us to order the court reporters in this cause to appear before us and show cause why they should not be ordered to file the record and to pay costs for the filing of the motion. Courts of appeals are not properly equipped for evi-

dentiary hearings. *Bivins v. Bivins,* 709 S.W.2d 374, 376 (Tex.App.—Amarillo 1986, no writ). The trial court is an appropriate forum for this matter.

Rule 2 of the Texas Rules of Appellate Procedure allows appellate courts to suspend the operation of a rule for good cause and order a different procedure. TEX. R. APP. P. 2. The rule is reserved for cases where suspending a rule will actually facilitate processing the case through the appellate court. *See Oldham v. State,* 977 S.W.2d 354, 359 (Tex. Crim.App.1998). As noted previously, the record has not been filed because there is a dispute about whether arrangements or payment for it has been made. This dispute will needlessly delay the processing of this case until it is resolved. Thus, there is good cause to suspend the rule mandating the filing of the reporter's record and abate this appeal for an evidentiary hearing.

***Mills motion for show cause is denied.*** However, this appeal is abated and remanded to the trial court for an evidentiary hearing on the issue of whether arrangements were made or payment was made for the preparation of the reporter's record. The trial court shall make appropriate findings of fact and conclusions of law and forward a transcription of the hearing to this Court along with its findings and conclusions within thirty days from the date of this order.