**In re Richard Owen TAYLOR.**

No. 10–01–003–CV.

Court of Appeals of Texas, Waco.

Feb. 21, 2001.

---

Richard Owen Taylor, Tennessee Colony, pro se.

Christopher Chance, Heart of Texas Legal Services, Inc., Waco, for Real Party in Interest.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

Richard Owen Taylor, Relator, filed a Petition for Writ of Mandamus seeking to compel Respondent, the Honorable Joe N. Johnson, Judge of the 170th District Court of McLennan County, to conduct an evidentiary hearing on Relator's motion for enforcement and for contempt against his former wife, Valerie Annette Taylor, the Real Party in Interest herein. Relator, who is incarcerated in the Coffield Unit of the Texas prison system, also requests that Valerie be ordered to appear at the hearing and that Relator either be brought from prison to appear in person, or be allowed to attend by videoconferencing.

## BACKGROUND

Relator and Valerie were divorced in February of 2000. Relator was then, and

still is, serving a forty-year sentence for murder. Relator appealed his divorce, which is currently pending in this Court in cause number 10–00–00126–CV. On April 10, 2000, Relator filed a motion for enforcement and for contempt in the trial court, claiming that Valerie had failed to comply with certain terms of the divorce decree, specifically that she had failed and refused to supply him with information, including health records, about the health, education, and welfare of their three children, and to confer with him before making decisions about the children's health, education, and welfare. Because he was appointed possessory conservator of the children, his rights regarding these matters were conferred on him in the divorce decree under TEX.FAM.CODE ANN. § 153.073(a)(1 and 2) (Vernon 1996), and § 153.076(a) (Vernon Supp.2001). He claims to have sent one hundred and twenty letters to Valerie on these matters, but to no avail. Relator also filed an application for a writ of habeas corpus *ad testificandum* in the trial court, seeking to attend the hearing in person or via video-conferencing.

When the trial court refused to rule on either his motion or his application, Relator filed a petition for a writ of mandamus with this court on July 17, 2000, in cause number 10–00–253–CV. On October 18, 2000, we issued an opinion conditionally granting the petition, giving the trial court fourteen days to set a hearing on the motion, and to rule on the habeas corpus application.

The trial court set a hearing on the motion for December 1, 2000, and denied the habeas corpus application, instead granting permission for Relator to file an affidavit to proffer his evidence. The court gave no reason for denying the application. Relator did not make personal service on Valerie of the fact and date of the hearing as required by TEX.FAM.CODE ANN. § 157.062 (Vernon 1996), but rather served notice by certified mail. Valerie and her lawyer appeared at the hearing, made a "special appearance" complaining of the absence of personal service, and complained that the trial court had no jurisdiction to hear a contempt motion when there was an appeal pending regarding the underlying divorce decree. The trial court found it had jurisdiction over the parties and subject matter, although Valerie had not been properly served, *i.e.,* she was not personally served. The court held that "[a] judgment must be final before it can be enforced by contempt," and denied the motion. Relator now seeks a second writ of mandamus ordering the trial court to conduct a hearing on the contempt motion, to order Valerie to appear at the hearing, and to order Relator either brought to the hearing or allowed to attend by videoconferencing.

## JURISDICTION TO HEAR THE MOTION

The threshold question is whether the trial court has jurisdiction to enforce the provisions of the divorce decree by contempt. The Supreme Court addressed this issue in *Schultz v. Fifth Judicial District Court of Appeals at Dallas,* 810 S.W.2d 738 (Tex.1991). In that case, the trial court issued a turnover order regarding income checks of Schultz, and Schultz appealed, also filing a supersedeas bond. When he missed his first payment under the turnover order, his creditor filed a motion in the appeals court for leave to file a motion for contempt. The appeals court denied leave, holding that the trial court had jurisdiction over the matter. The creditor then filed a contempt motion in the trial court. Schultz filed a mandamus proceeding in the appellate court arguing that the trial court was without jurisdiction because the case was on appeal. When that was denied, Schultz filed a mandamus proceeding with the Supreme Court. The Supreme Court held that a turnover order is in the nature of an injunction, and is therefore appealable. *Id.* at 740. The court further held that for "appealable orders in the nature of an injunction, **in**

which the validity of the order alleged to have been violated is itself in issue in the appeal, the appellate court alone is vested with jurisdiction to enforce the injunctive provisions by contempt." *Id.* (emphasis added) (citing *inter alia Ex parte Boniface,* 650 S.W.2d 776, 777–78 (Tex. 1983)). If an evidentiary hearing is needed, the appeals court can refer the case to the trial court for that hearing. In so holding, *Schultz* acknowledged that "[s]ome courts have held in ... 'injunctive' type orders under the Family Code, the legislature has provided that contempt jurisdiction remains in the trial court." *Id.* at 741 n. 9 (citing *Bivins v. Bivins,* 709 S.W.2d 374, 375 (Tex.App.—Amarillo 1986, no writ), and *Martin v. O'Donnell,* 690 S.W.2d 75, 77 (Tex.App.—Dallas 1985, orig. proceeding)).

In this case, the order alleged to have been violated, *i.e.,* the part of the divorce decree granting Relator's statutory rights to information about the health, education, and welfare of his children, including health records, and for Valerie to confer with him before making decisions about the children's health, education, and welfare, was not mentioned in the direct appeal. On appeal, Relator does not complain about having been given these rights, obviously because they are to his benefit.[1] Therefore, the rule in *Schultz* does not apply. Rather, we agree with our sister courts in Amarillo and Dallas that the trial court does have jurisdiction of Relator's contempt motion.

In *Bivins v. Bivins,* 709 S.W.2d 374 (Tex.App.—Amarillo 1986, no writ), movant filed a motion for contempt regarding child support as an original proceeding in the appeals court. The appeals court found that although the Family Code is not clear on whether the trial court can enforce a child support order when the divorce is on appeal, the Family Code does indicate that the trial court is the "preferred forum." *Id.* at 375–76. The court referred to Sections 109.001 and 6.709 as examples of the legislature's intention that the trial court retain jurisdiction to enforce its orders when a case is on appeal. Tex. Fam.Code Ann. § 109.001, and § 6.709 (Vernon 1996 and 1998).[2] Section 109.001 provides that within thirty days of an appeal being perfected, the trial court may hear motions on temporary orders to preserve and protect the safety and welfare of the children, and a "court retains jurisdiction to enforce its orders rendered under this section unless the appellate court, on a proper showing, supersedes the court's order." *Id.* § 109.001(b). Section 6.709 is a similar provision regarding the property of the parties. *Id.* § 6.709. In addition, the court stated it is impractical for an appeals court to hear contempt motions because of the difficulties of the court conducting evidentiary proceedings without the proper personnel or facilities. *Bivins,* 709 S.W.2d at 376. Although the court could order the trial court to make these findings at a hearing, that is "awkward, expensive and time consuming." *Id.* at 375. Therefore, the trial court is a "proper forum." *Id.* at 376. Noticeably, *Bivins* does not say the appeals court is without jurisdiction; only that the trial court is the preferred court.

In *Sullivan v. Sullivan,* 719 S.W.2d 239 (Tex.App.—Dallas 1986, writ denied), a motion for contempt over child support was filed as an original proceeding in the appeals court while the divorce was pending on appeal. At movant's request, the motion was referred to the trial court for an evidentiary hearing. After the record of that hearing was prepared, the parties filed objections disputing the accurateness

---

1. On appeal in the divorce, Relator complains of: (1) division of property, (2) disposition of debts, (3) child support, (4) visitation rights, (5) denial of jury trial and discovery requests, (6) an opportunity to attend the trial and present evidence, and (7) insufficient evidence to support the divorce.

2. Section 109.001 was formerly Section 11.1(e and f), and Section 6.709 was formerly Section 3.58(h). Both were recodified without change.

of the record. The court noted that if the appeals court continued to hear the motion, the objections that were made to the record would require that the matter again be referred back to the trial court under TEX.R.APP.P. 55(a) (now Rule 34.6(e)) for correction of the record. After citing *Bivins*, the court concluded that the resolution of the motion would be "far more efficiently, inexpensively, and expeditiously handled" by the trial court, and therefore "the trial court has jurisdiction to enforce, by contempt, its child support order, pending an appeal of that order." *Id.* at 240. The court also noted, similarly to *Bivins*, that the enactment of Section 109.002(c) evidences an intention by the legislature that the trial court retain jurisdiction to enforce its orders even though a divorce is pending on appeal.[3] *Id.;* TEX.FAM.CODE ANN. § 109.002(c) (Vernon 1996). The section provides that orders being appealed from are not suspended unless the trial court, with permission of the appeals court, suspends the order. Finally, just as in *Bivins*, the court did not state it did not have jurisdiction. *Sullivan,* 719 S.W.2d at 240; *see also In re Gonzalez,* 981 S.W.2d 313, 314 (Tex.App.—San Antonio 1998, pet. denied) (the trial court has jurisdiction when the direct appeal is pending to hear a motion for confirmation of arrearages and to reduce arrearages to money judgment; citing *Bivins* and *Sullivan*).

■ We held in the previous mandamus action concerning these same parties, that Respondent has continuing jurisdiction over the decree to enforce its provisions, even pending appeal. We see no reason to change our position now. The trial court should not conduct hearings and make orders on questions being considered by the appellate court, lest the two courts run at cross purposes. That is the rule in *Schultz.* However, the opposite is also true, *i.e.,* the trial court should be free to proceed with a hearing and to issue an order if the subject of the hearing and order is not being reviewed by the appeals court. We hold that in contempt motions under the Family Code filed in the trial court when the divorce is pending on appeal, as long as the issue which pertains to the contempt motion is not an issue to be decided on appeal, the trial court has jurisdiction to hear and rule on the motion.[4]

### THE MOTION

■ In our opinion on Relator's previous petition for a writ of mandamus, we cited from *Walker:* "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law." *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding)); *In re Bishop,* 8 S.W.3d 412, 416 (Tex.App.—Waco 1999, orig. proceeding [mand. denied]); *accord In re Nolo Press/ Folk Law, Inc.,* 991 S.W.2d 768, 776 (Tex. 1999) (orig. proceeding). To obtain mandamus relief, Relator must first show that Respondent "either violated his duty or abused his discretion." *In re Yates,* 960 S.W.2d 652, 652 (Tex.1997) (orig. proceeding).

■ When an official fails to perform a ministerial act, that is a violation of a duty imposed by law. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991); *In re Bailey,* 975 S.W.2d 430, 432 (Tex.App.—Waco 1998, orig. proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act."[5] *In re*

---

3. Section 109.002(c) was formerly Section 11.19(c) and was recodified without change.

4. We take no position on whether the appeals court has concurrent jurisdiction with the trial court to hear the matter.

5. We held in cause number 10–00–253–CV, the previous mandamus action, that the motion filed by Relator was properly filed under TEX. FAM.CODE ANN. § 157.002(a) (Vernon Supp.2000). Valerie has not raised that issue in this proceeding.

*Ramirez,* 994 S.W.2d 682, 683 (Tex.App.—San Antonio 1998, orig. proceeding) (quoting *Safety–Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex.App.—San Antonio 1997, orig.proceeding)); *accord O'Donniley v. Golden,* 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding). Because we hold herein that the trial court had jurisdiction to hear the motion, we must also find that the trial judge violated his ministerial duty by dismissing Relator's motion without conducting a hearing.

### PERSONAL APPEARANCE BY RELATOR AT THE HEARING

 Relator also seeks mandamus relief regarding his application for writ of habeas corpus *ad testificandum.* In our opinion in the previous mandamus action, we cited *Dodd:* "A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding." *Dodd v. Dodd,* 17 S.W.3d 714, 717 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *accord Ramirez,* 994 S.W.2d at 684; *Pedraza v. Crossroads Sec. Sys.,* 960 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1997, no pet.); *Armstrong v. Randle,* 881 S.W.2d 53, 56 (Tex.App.—Texarkana 1994, writ denied); *Byrd v. Attorney General,* 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no writ) (per curiam). The factors to be considered in deciding whether an inmate should be permitted to personally appear at a civil hearing are:

(1) the cost and inconvenience of transporting the inmate to court;

(2) the security risk and danger to the court and the public by allowing the inmate to attend court;

(3) whether the inmate's claims are substantial;

(4) whether a determination of the matter can reasonably be delayed until the inmate is released;

(5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise;

(6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses;

(7) whether the trial is to the court or to a jury; and

(8) the inmate's probability of success on the merits.

*Armstrong,* 881 S.W.2d at 57 (citing *Stone v. Morris,* 546 F.2d 730, 735–36 (7th Cir. 1976)); *accord Byrd,* 877 S.W.2d at 569; *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ). In our opinion in the previous mandamus action, we said:

Should the trial court determine after considering these factors that the prisoner is not entitled to appear personally, then the court should permit him "to proceed by affidavit, deposition, telephone, or other effective means." *Byrd,* 877 S.W.2d at 569 (quoted in *Dodd,* 17 S.W.3d at 717; *Ramirez,* 994 S.W.2d at 684; *Pedraza,* 960 S.W.2d at 343 n. 3). A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil proceeding personally or by other means constitutes an abuse of discretion. *See Dodd,* 17 S.W.3d at 718; *Byrd,* 877 S.W.2d at 569. Because **Respondent has failed to consider and rule upon Richard's application** for writ of habeas corpus *ad testificandum* or alternatively to appear via videoconferencing, Respondent has abused his discretion. [Emphasis added].

We went on to conclude that "Respondent abused his discretion by failing to consider and rule upon Richard's application. . . ." Impliedly, we were instructing the trial court to do two things: (1) consider the eight factors, and (2) rule on the application based on his consideration of those factors.

The trial court's denial of Relator's application is contained in a letter from the trial judge sent to Relator dated October 30, 2000. It states in its entirety:

Dear Mr. Taylor,

Hearing on your *Motion for Contempt* has been set at 9:00 a.m. on Friday, December 1st, 2000. Please notify all interested parties of this hearing.

*Respondent's Original Application for Writ of Habeas Corpus Ad Testificandum or in the Alternative, Request for Teleconference Appearance* is hereby denied and you may testify by affidavit.

Yours truly,

Joe N. Johnson

Judge, 170th District Court

Nothing in the letter suggests that the trial court heeded our instruction to consider the eight factors before ruling on the application. Under the facts in this case, where we have once before instructed the trial court to consider the eight factors and only then rule on the application, and no mention is made by the court about how, or even if, it followed our instruction, we will not assume that the analysis of the eight factors was performed, or at least properly. Therefore, we conclude that the court has abused its discretion.

### NOTICE

■ The remaining complaint by Relator is that the trial court did not order Valerie to appear at the hearing on the motion. The provisions which govern notice of and appearance at hearings in which contempt is a requested remedy are found in sections 105.006(f), 157.061(a), 157.062(a), 157.065, 157.066, 157.114, and 157.115 of the Family Code.[6] These provisions read together require the following:

(a) The court shall set a hearing date, and shall order the respondent (Valerie here) to personally appear at the hearing and respond to the motion. (§ 157.061(a)). This frequently is in the form of a "show cause" order.

(b) The movant (Relator here) should give written notice to the respondent (Valerie) of the date, time, and place of hearing, and a copy of the motion should be attached. The notice should be served at least ten days before the hearing. (§ 157.062(b, c)).

(c) Although the notice may be sent by certified mail (§ 157.065, *but see* § 105.006(f)), if the respondent fails to appear, there is little remedy other than a resetting of the hearing. Therefore, the notice should be served in person on the respondent, after which if the respondent fails to appear, the court may not hold the respondent in contempt, but may render a default judgment in favor of movant, and order a capias to be issued for the arrest of the respondent. (§§ 157.066, 157.114, and 157.115).

■ The trial court's notice of the hearing was simply a letter dated October 30, 2000, to Relator stating: "Hearing on your *Motion for Contempt* has been set at 9:00 a.m. on Friday, December 1st, 2000. Please notify all interested parties of this hearing." (This is the same letter that denied the application for a writ of habeas corpus *ad testificandum.*) Again, the court failed to carry out a statutorily required ministerial duty under section 157.061(a) to order Valerie to appear.

■ However, although the trial court is supposed to "order" the respondent to appear, section 157.066 makes it clear that even if that is done, failure to appear is not punishable by contempt, but rather, if and only if personal service has been obtained, the court can render a default judgment and order a capias for the arrest of the respondent. If Relator wants to preserve these remedies of default judgment and a capias, it is his responsibility to obtain personal service on Valerie of a proper

---

6. Due process rights of notice and an opportunity to be heard under U.S. CONST. amend XIV, § 1 and TEX. CONST. art. 1, § 19 are also implicated because of the threat of loss of liberty when contempt is at issue.

**414**

notice of the hearing, and provide proof of same to the trial court.

## ADEQUATE REMEDY AT LAW

When a Relator has shown a violation of a duty imposed by law or an abuse of discretion by the Respondent, to obtain mandamus relief he must also show that he has no adequate legal remedy. *See Nolo Press/Folk Law,* 991 S.W.2d at 776; *Walker,* 827 S.W.2d at 839; *Bishop,* 8 S.W.3d at 416. Valerie contends that Relator has an adequate remedy available by direct appeal. However, because there was no hearing on the contempt motion, there is no evidentiary record to review on appeal. In addition, because the record does not reveal how, if at all, the trial court evaluated Relator's habeas corpus application according to the eight factors, there is no record for this court to review on that issue.[7] Consequently, an appeal would be fruitless. Therefore, Relator has no adequate remedy at law.

## CONCLUSION

Respondent violated duties imposed by law by failing to perform the ministerial acts of considering and ruling on Relator's motion, and by not ordering Valerie to appear at the hearing, *i.e.,* by not issuing a show-cause order. Respondent also abused his discretion by failing to properly consider and rule upon Relator's application for a writ of habeas corpus *ad testificandum.* Furthermore, Relator has no adequate remedy at law if a writ of mandamus is denied. Therefore, we conditionally grant the requested writ of mandamus. The writ will issue if Respondent fails to advise this Court within fourteen days of the date of this opinion: (1) of his ruling

on the writ application, including his analysis of the eight applicable factors; and (2) that he has set a hearing on the motion, and has ordered Valerie to appear.[8] *See In re Pedraza,* 978 S.W.2d 671, 672 (Tex. App.—Corpus Christi 1998, orig. proceeding) (per curiam); Tex. Fam.Code Ann. § 157.061 (Vernon 1996).

---

**7.** Neither does relator have an at-law remedy by habeas corpus. When a judgment of contempt has been rendered, it can be reviewed by an application for a writ of habeas corpus, and so mandamus is improper. *See Dunn v. Street,* 938 S.W.2d 33, 35 (Tex.1997) (orig. proceeding). However, in this case, there is no contempt order or record to review on habeas corpus.

**8.** The contempt hearing need not take place within this fourteen-day period. In fact, recognizing that Relator is incarcerated, care should be taken to ensure Relator has adequate time to obtain personal service on Valerie should he so choose.