Petition for Writ of Mandamus Denied and Opinion filed April 22, 2003









Petition for Writ of Mandamus Denied and Opinion filed
April 22, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00444-CV

____________

 

IN RE ADEL SHESHTAWY, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF PROHIBITION AND

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On April 18, 2003, relator
filed a petition for writ of prohibition and for writ of mandamus in this
Court.  See Tex. Gov=t. Code Ann. ' 22.221; see also Tex. R. App. P. 52.  In his petition, relator
seeks to compel the Hon. Frank Rynd, Judge of the
309th District Court of Harris County, to stay enforcement proceedings
scheduled for April 24, 2003, in trial court cause number 2000-63348, styled
In the Matter of the Marriage of Adel Sheshtawy and Amal Sheshtawy v. Tri-Max
Industries, Inc. and Drill Bit Industries, Inc.  Relator also seeks
mandamus relief to compel the trial court to enter findings of fact and
conclusions of law.








In the motion for enforcement, real party Amal
Sheshtawy alleges relator
failed to pay spousal maintenance and transfer property as ordered in the final
decree of divorce.  Relator
has appealed the final decree of divorce, and the appeal was assigned to this
Court under our cause number 14-02-01281-CV. 
Pursuant to a docket equalization order from the Texas Supreme Court,
the appeal was transferred to the Court of Appeals for the Fourth District of Texas
on January 23, 2003. 

The purpose of a writ of injunction is to enforce or protect
the appellate court=s jurisdiction.[1]  Holloway v. Fifth Court
of Appeals, 767 S.W.2d 680, 683 (Tex. 1989).  A writ of injunction may be used to prohibit
a trial court=s action when it affirmatively
appears the court does not have jurisdiction. 
Texas Capital Bank-Westwood v. Johnson, 864 S.W.2d 186, 187 (Tex.
App.CTexarkana 1993, orig. proceeding). 








Relator asserts only the court of appeals
has jurisdiction to enforce the decree once an appeal has been perfected,
citing such cases as Schultz v. Fifth Judicial District Court of Appeal,
810 S.W.2d 738, 740 (Tex. 1991), Ex parte Boniface,
650 S.W.2d 776, 778 (Tex. 1983), and Ex parte Werblud, 536 S.W.2d 542, 544 (Tex. 1976).  We find that amendments to the Texas Family
Code have abrogated these cases, at least in part, with respect to family law
enforcement proceedings involving such matters as spousal and child
support.  See, e.g.,
Tex. Fam. Code Ann.
' 157.001(d) (motion for enforcement
under Title 5 shall be filed in court of continuing, exclusive jurisdiction); Tex. Fam. Code Ann.
' 8.059 (trial court may enforce
spousal maintenance by contempt, garnishment, or other means); Tex. Fam. Code Ann.
' 6.709(b) (trial court retains
jurisdiction to enforce temporary orders pending appeal); Massey v. Massey,
813 S.W.2d 605, 606 (Tex. App.CHouston [1st Dist.] 1991, no writ) (finding Boniface
abrogated in part by enactment of former section 3.58(h), current section
6.509(b)); Chiles v. Schuble, 788 S.W.2d 205,
206 (Tex. App.CHouston [14th Dist.] 1990, orig.
proceeding) (same); Sullivan v. Sullivan, 719 S.W.2d 239 (Tex. App.CDallas 1986, writ denied) (concluding
child support enforcement proceedings should be filed in trial court rather
than appellate court); Bivens v. Bivens, 709 S.W.2d 374 (Tex. App.CAmarillo 1986, no writ) (same); see
also Pollack v. Mohr, No. 14-03-00254-CV, (Tex. App.CHouston [14th Dist.] April 10, 2003)
(order) (not designated for publication) (trial court has continuing
jurisdiction to enforce child support despite pending appeal).  Therefore, we hold the trial court has jurisdiction
to enforce the decree of divorce despite the pendency
of an appeal.

With respect to relator=s request that we compel the trial
court to issue findings of fact and conclusions of law, we find relator has a remedy available in his appeal currently
pending at the Court of Appeals for the Fourth District.  See Zieba v.
Martin, 928 S.W.2d 782, 786 (Tex. App.CHouston [14th Dist.] 1996, no writ)
(holding proper remedy for failure to file timely requested findings of fact
and conclusions of law is to abate appeal and direct trial court to correct its
error).

Accordingly, we deny relator=s petition for writ of prohibition
and for writ of mandamus.

 

 

PER CURIAM

 

 

Petition Denied
and Opinion filed April 22, 2003.

Panel consists of
Chief Justice Brister and Justices Fowler and Edelman.

 











[1]  A court of
appeals may only issue a writ against a judge of a district or county court in
the court of appeals= district.  Tex. Gov=t Code Ann. ' 22.221(b)(1).  Thus, the Court of Appeals for the Fourth
District has no power to issue a writ against a Harris County district
judge.  Given our disposition of this
proceeding, we need not reach the issue of whether this Court may issue a writ
of injunction to protect jurisdiction over an appeal that has been transferred
to another court of appeals.