Opinion issued July 24, 2008















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00620-CV
  __________
 
SAMUEL R. MARES, SR., Appellant
 
V.
 
VICTOR R. BLAINE, Appellee
 

 
 
On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2006-69900
 

 
 
MEMORANDUM OPINION
          Samuel R. Mares appeals from the trial court’s dismissal of his suit for want of
prosecution. In a single issue, Mares complains that the trial court abused its
discretion in failing to perform its ministerial duty to timely rule upon his properly
filed pretrial motions. We affirm.
Background
          Victor R. Blaine represented Mares in a criminal prosecution. Following the
representation, Mares sued Blaine for return of attorney’s fees and breach of contract. 
Blaine filed a general denial. The trial court dismissed the cause for want of
prosecution. Mares now appeals. 
Dismissal for Want of Prosecution
          In his sole issue, Mares asserts that the trial court abused its discretion in failing
to rule on his pretrial motions. In support of his issue, Mares argues that a trial court
has a ministerial duty to consider and rule upon a properly filed motion, and any
failure to perform a ministerial act is a violation of a duty imposed by law. See In re
Taylor, 39 S.W.3d 406, 411–12 (Tex. App.—Waco 2001, orig. proceeding) (quoting
In re Ramirez, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig.
proceeding)).
          Mares claims that he properly filed the following pretrial requests:
          ∙        request for a bench warrant; 
          ∙        request for ad testificandum; 
          ∙        request for a hearing; 
          ∙        request for admissions and interrogatories;
          ∙        request for production of documents; 
          ∙        request for dispute resolution; and
          ∙        request for continuance.
          However, the record only shows that Mares filed a request for continuance for
additional discovery.


 Therefore, we have no basis for determining whether the trial
court abused its discretion in failing to rule upon Mares’s other alleged requests. 
          As for Mares’s request for continuance, the trial court implicitly overruled the
request by dismissing Mares’s suit for want of prosecution. See also In re Z.L.T., 124
S.W.3d 163, 165 (Tex. 2003) (“By proceeding to trial without issuing the bench
warrant, it is clear that the trial court implicitly denied [movant]’s request”). 
Accordingly, Mares’s argument that the trial court erred in failing to rule on his
request is without merit.



          We overrule Mares’s sole issue.
 
 
Conclusion
          We affirm the judgment of the trial court. 
                                                                        
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.