Timothy M. WIKE, Relator,

v.

Honorable Allen J. DAGGET, Judge, 310th Judicial District Court, Harris County, Texas, Respondent.

No. C14–85–195–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 13, 1985.

Rehearing Denied July 25, 1985.

Mike Wike, Houston, for relator.

Ronald A. Bass, Houston, for respondent.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an original proceeding for writ of mandamus. The prayer of relator's petition is that this court issue a writ of mandamus "directed to Respondent, Honorable Allen J. Daggett, Judge of the 310th Judicial District Court of Harris County, Texas, commanding him to immediately and forthwith set aside and vacate the Order of Transfer signed on March 20, 1985, and to (1) deny the Motion to Transfer ... on the grounds that the same is waived as a matter of law, and/or (2) give Relator at least ten (10) days' notice of a hearing on the Motion to Transfer ...., and (3) retain jurisdiction and venue of the Writ of Habeas Corpus proceedings pending in Cause No. 81–19756–B." We deny the writ.

This controversy results from divorce proceedings. A very brief factual setting is sufficient. Timothy Wike and Terry Ann Wike were divorced as a result of a decree of the 310th Judicial District Court of Harris County, Texas on September 14, 1981. Terry Ann was named managing conservator of Nikole, the only child of the marriage, who was at that time approximately one year of age. In March, 1981, Terry Ann and Nikole moved to Ochiltree County, Texas. On December 24, 1984, Timothy went to Ochiltree County and took possession of Nikole and returned her to his residence in Brazoria County, Texas. On December 26, 1984, Timothy filed a "Motion to Modify in Suit Affecting the Parent-Child Relationship" in the 310th District Court, and in response to his affidavit allegations of urgency, the judge signed an order giving Timothy temporary possession of Nikole pending a hearing set for January 14, 1985, on which day both parties appeared with counsel. Terry Ann filed a motion for continuance but it was denied. She then filed a "Motion to Transfer" alleg-

ing that for the past 4½ years she and Nikole had been living in Ochiltree County, that venue properly lies in that county, and prayed that in accordance with Tex.Fam. Code Ann. § 11.06(b) (Vernon Supp.1985), the proceeding be transferred to Ochiltree County. While the motion contained a request "that notice be issued as required by law," no such notice was issued. When the motion was presented to the court and counsel for relator refused to stipulate to the facts concerning residency of the child, the judge stated that he would "carry that motion along" but for "the time being, it's overruled." The court then proceeded for a brief time with the hearing for a temporary managing conservatorship and then announced that in view of the unquestioned allegations of Terry Ann's residency affidavit, he was ordering the proceeding transferred to Ochiltree County.

On the following day, Timothy filed a controverting affidavit to the motion to transfer and a "Motion for Rehearing of Motion to Transfer." Following several resettings, the proceedings again came before the 310th Court on March 18th when the judge signed the order which he had orally decreed on January 14th, transferring the proceeding to Ochiltree County. However, because of other pressing court business, he told the parties to return on March 20th to hear matters both parties were asserting. On the 20th the judge granted Timothy's motion for rehearing, set aside the prior order of transfer and directed the parties to proceed with the hearing on the motion to transfer. Timothy protested and requested the ten days notice time provided in Tex.Fam.Code § 11.06(h) (Vernon Supp.1985). The trial judge denied the request and instructed counsel to proceed with the hearing. The only other fact material to addressing relator's contentions is that on February 26th, while these proceedings were pending, Terry Ann filed an application for writ of habeas corpus for the return of Nikole and the court signed an order commanding Timothy to produce the child in court on the day set for the hearing.

At the conclusion of the hearing on the 20th, the judge again ordered the proceeding transferred to Ochiltree County, set aside all his temporary orders and further ordered the writ of habeas corpus proceeding transferred to Ochiltree County.

As grounds for the requested relief, relator asserts three "points of error":

1.  the respondent erred in granting the motion to transfer because the motion was not timely filed;

2.  the respondent erred in granting the motion to transfer because "there was less than 10 days' notice of the hearing thereon";

3.  the respondent erred in ordering the transfer of the writ of habeas corpus to Ochiltree County because such transfer was not requested by either party.

As a factual basis for his first "point of error," relator contends that the motion to transfer was not timely filed because the show cause hearing had already "commenced" before the motion to transfer was filed and, therefore, was waived as a matter of law.

It is readily apparent that relator seeks to have this court review, in a mandamus setting, rulings of the trial court which he only alleges to have been "erroneous." It is appropriate to briefly review the office of mandamus.

Since the legislature amended Tex.Rev. Civ.Stat.Ann. art. 1824 (Vernon Supp.1985), the courts of appeal have the same authority as the supreme court to issue writs of mandamus "agreeable to the principles of law regulating such writs" against any judge of a district or county court.

In *State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272, 274 (1939) the supreme court, speaking of the constitutional and statutory provisions granting original mandamus power to it, stated:

> It has been determined that these provisions of the constitution and statutes confer upon this court the power, in original proceedings, to issue writs of mandamus against trial judges in accordance

with the usages of common law. The writ will not lie to correct a merely erroneous or voidable order of the trial judge, but will lie to correct one which he had no power to enter and which was, therefore, void.

Of course, the corollary to this rule is that mandamus will issue to compel the trial judge to enter an order which he did not have the discretion to refuse to enter. *Cassidy v. Fuller*, 568 S.W.2d 845 (Tex. 1978). Generally speaking, the appellate court has no authority to control by mandamus, discretionary rulings or orders of the trial court. The only exception is in the area of discovery where, if a "clear abuse of discretion" is found, mandamus will issue. *Giffin v. Smith*, 688 S.W.2d 112 (Tex. 1985). However the reason for the rule in these cases is easily distinguishable from the "usual" mandamus action such as the one before us.

■ It is likewise true that mandamus will not lie to review a trial court ruling that is subject to review by the normal appellate process. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (1945). Finally, the rule is elementary that a writ of mandamus will not issue if for any reason it would be useless or unavailing. *Holcombe v. Fowler*, 118 Tex. 42, 9 S.W.2d 1028 (1928). With these basic rules in mind, we address relator's contention.

■ First, relator does not attack the transfer order as void, nor could he do so. While it was error for the trial court on January 14th to order the proceedings transferred without allowing relator the 10 days notice of the hearing (as provided for in Section 11.06(h) of the Family Code), this order was later set aside; therefore, this action is not even before us. After setting aside the January 14th transfer order, it is true that the court did not grant relator's request for the ten day notice time referred to above. However, this did not void the transfer order because the court had jurisdiction of the parties and the subject matter; therefore at most the order was only voidable. *Tanton v. State National Bank of El Paso*, 43 S.W.2d 957, 960 (Tex.Civ. App.—El Paso 1931, no writ). Mandamus is therefore inappropriate for this reason. Secondly, while relator does not have the right to an interlocutory appeal from the order [Section 11.06(i)], he does have the right of appeal from the final judgment and, if properly preserved, can have reviewed at that time the validity of the transfer order. *Pratt v. Texas Dept. of Human Resources*, 614 S.W.2d 490 (Tex.Civ.App.— Amarillo 1981, writ ref'd n.r.e.). Mandamus is therefore inappropriate for this reason. Finally, mandamus would be inappropriate for the reason that its issuance would be "useless and unavailing." While relator, over his objection, was directed to proceed on March 20th with the transfer hearing, the record shows that both relator and Terry Ann testified on the issue of the residence of Nikole. The final question asked of relator on cross-examination, and his answer thereto, was:

Q. Mr. Wike, since your divorce in September of 1981 up until December 24th of 1984, where did the child, the child who is the subject of this suit, reside?

A. In Perryton somewhere. (The record shows Perryton is in Ochiltree County, Texas).

It would be a useless act for this court to order the trial court to set aside the transfer order, give the parties ten days notice and then conduct another hearing when the trial court has already heard the evidence of residency that relator, himself, did not dispute. Even on a retrial of the motion to transfer, the trial court would have no discretion not to transfer the proceeding. *Cassidy*, 568 S.W.2d at 847.

■ The above reasons why the writ should not issue apply, likewise, to relator's contention that the court erred in ordering a transfer of the proceeding because the motion for transfer was not timely filed. At most, this would be a voidable order, subject to correction by the appellate process following final judgment.

■ Finally, relator's contention that we should issue the writ compelling the trial

judge to set aside his unrequested order transferring the writ of habeas corpus proceedings to Ochiltree County must fail. Once the court ordered the modification proceeding transferred to Ochiltree County, the court there became the court of continuing jurisdiction. Tex.Fam.Code Ann. § 11.06(k). The child was presently residing with relator in Brazoria County. According to *Trader v. Dear,* 565 S.W.2d 233, 235 (Tex.1978), either Ochiltree County or Brazoria County, would be the appropriate forum for the habeas corpus proceeding.

The writ of mandamus is denied.