**Henry P. MASSEY, Appellant,**

v.

**Gayle Scott MASSEY, Appellee.**

**No. 01–90–00866–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1991.

Theodore C. Flick, Houston, for appellant.

John F. Nichols, Houston, for appellee.

Before WILSON, PRICE[1] and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a money judgment on an accrued arrearage of temporary spousal support pending appeal. We affirm.

The parties were divorced on August 8, 1989. The decree ordered appellant to pay appellee $4,500 per month as temporary support pending any appeal.[2] Appellant did not pay, and appellee sued. After a hearing, the trial court granted appellee a money judgment of $31,500.

■ In the first point of error, appellant asserts the trial court lacked subject matter jurisdiction. Before 1985, a trial court was without jurisdiction to enforce its orders pending appeal. *Ex parte Boniface*, 650 S.W.2d 776, 777 (Tex.1983). Now, a

trial court may order spousal support pending appeal. TEX.FAM.CODE ANN. § 3.58(h)(1) (Vernon Supp.1991). Moreover, the trial court "retains jurisdiction to enforce orders entered under subsection (h) unless the appellate court, on a proper showing, supersedes the trial court's orders." TEX.FAM. CODE ANN. § 3.58(i) (Vernon Supp.1991). *See also Chiles v. Schuble*, 788 S.W.2d 205, 206 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding). This Court has not entered any orders superseding the trial court. If a party fails to comply with a divorce decree, the trial court may render judgment for damages. TEX.FAM.CODE ANN. § 3.74(b) (Vernon Supp.1991). The cited statutes confer subject matter jurisdiction on the trial court.

The first point of error is overruled.

■ In his second point of error, appellant claims that, because the divorce decree is being appealed, the order of temporary support is interlocutory and cannot support a judgment for arrearages. Appellant contends that in his appeal of the divorce, *Massey v. Massey*, 807 S.W.2d 391 (Tex. App.—Houston [1st Dist.] 1991, writ requested), he "seeks reversal of all portions of the Decree excepting only the granting of the Divorce and the provisions concerning the minor child of the parties."

Contrary to these assertions, appellant did not assign as error in cause number 01–89–01188–CV the award of the temporary spousal support, although he could have done so. *Eikenhorst v. Eikenhorst*, 746 S.W.2d 882, 890 (Tex.App.—Houston [1st Dist.] 1988, no writ) Any error not assigned is waived. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 987 (Tex.1982); *City of Deer Park v. State ex rel. Shell Oil Co.*, 154 Tex. 174, 275 S.W.2d 77, 85–86

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

2. The order provided:
   SUPPORT PENDING APPEAL. IT IS FURTHER ORDERED IN THE DECREE that Henry P. Massey shall pay to Gayle Scott Massey $4,500.00 per month for temporary support pending any appeal taken in this case, with the first such payment being good [sic] and payable on the 1st day of September, 1989 and a like payment being due and payable on the same day of each and every month thereafter until thirty (30) days following entry of a final judgment of the court of appeals or, if a writ of certiorari or writ of error is granted by the Supreme Court of Texas, the entry of the final judgment by the Supreme Court of Texas.

(1954); *see also Dolenz v. Pulse*, 791 S.W.2d 572, 573 (Tex.App.—Dallas 1990, writ dism'd w.o.j.). Accordingly, with respect to the imposition of the temporary spousal support pending appeal, the divorce decree in cause number 01–89–01188–CV is final and enforceable. We note that appellant will owe appellee temporary spousal support pending appeal even if cause number 01–89–01188–CV is reversed by the supreme court.

The second point of error is overruled.

The judgment is affirmed.