**In re Adel SHESHTAWY, Relator.**

No. 14–03–00444–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 22, 2003.

Rehearing Overruled June 5, 2003.

Adel Sheshtawy, Houston, pro se.

Eileen M. Gaffney, Karen Denise Poe, Shawn Russel Casey, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and EDELMAN.

## MEMORANDUM OPINION

PER CURIAM.

On April 18, 2003, relator filed a petition for writ of prohibition and for writ of mandamus in this Court. *See* Tex. Gov't.Code Ann. § 22.221; *see also* Tex. R.App. P. 52. In his petition, relator seeks to compel the Hon. Frank Rynd, Judge of the 309th District Court of Harris County, to stay enforcement proceedings scheduled for April 24, 2003, in trial court cause number 2000–63348, styled *In the Matter of the Marriage of Adel Sheshtawy and Amal Sheshtawy v. Tri–Max Industries, Inc. and Drill Bit Industries, Inc.* Relator also seeks mandamus relief to compel the trial court to enter findings of fact and conclusions of law.

In the motion for enforcement, real party Amal Sheshtawy alleges relator failed to pay spousal maintenance and transfer property as ordered in the final decree of divorce. Relator has appealed the final decree of divorce, and the appeal was assigned to this Court under our cause number 14–02–01281–CV. Pursuant to a docket equalization order from the Texas Supreme Court, the appeal was transferred to the Court of Appeals for the Fourth District of Texas on January 23, 2003.

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction.[1] *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex.1989). A writ of injunction may be used to prohibit a trial court's action when it affirmatively appears the court does not have jurisdiction. *Texas Capital Bank–Westwood v. Johnson,* 864 S.W.2d 186, 187 (Tex.App.-Texarkana 1993, orig. proceeding).

Relator asserts only the court of appeals has jurisdiction to enforce the decree once

---

1. A court of appeals may only issue a writ against a judge of a district or county court in the court of appeals' district. Tex. Gov't Code Ann. § 22.221(b)(1). Thus, the Court of Appeals for the Fourth District has no power to issue a writ against a Harris County district judge. Given our disposition of this proceeding, we need not reach the issue of whether this Court may issue a writ of injunction to protect jurisdiction over an appeal that has been transferred to another court of appeals.

an appeal has been perfected, citing such cases as *Schultz v. Fifth Judicial District Court of Appeal*, 810 S.W.2d 738, 740 (Tex. 1991), *Ex parte Boniface*, 650 S.W.2d 776, 778 (Tex.1983), and *Ex parte Werblud*, 536 S.W.2d 542, 544 (Tex.1976). We find that amendments to the Texas Family Code have abrogated these cases, at least in part, with respect to family law enforcement proceedings involving such matters as spousal and child support. *See, e.g.,* TEX. FAM.CODE ANN. § 157.001(d) (motion for enforcement under Title 5 shall be filed in court of continuing, exclusive jurisdiction); TEX. FAM.CODE ANN. § 8.059 (trial court may enforce spousal maintenance by contempt, garnishment, or other means); TEX. FAM.CODE ANN. § 6.709(b) (trial court retains jurisdiction to enforce temporary orders pending appeal); *Massey v. Massey*, 813 S.W.2d 605, 606 (Tex. App.-Houston [1st Dist.] 1991, no writ) (finding *Boniface* abrogated in part by enactment of former section 3.58(h), current section 6.509(b)); *Chiles v. Schuble*, 788 S.W.2d 205, 206 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding) (same); *Sullivan v. Sullivan*, 719 S.W.2d 239 (Tex.App.-Dallas 1986, writ denied) (concluding child support enforcement proceedings should be filed in trial court rather than appellate court); *Bivins v. Bivins*, 709 S.W.2d 374 (Tex.App.-Amarillo 1986, no writ) (same); *see also Pollock v. Mohr*, No. 14–03–00254–CV, 2003 WL 21940113 (Tex.App.-Houston [14th Dist.] April 10, 2003) (order) (not designated for publication) (trial court has continuing jurisdiction to enforce child support despite pending appeal). Therefore, we hold the trial court has jurisdiction to enforce the decree of divorce despite the pendency of an appeal.

With respect to relator's request that we compel the trial court to issue findings of fact and conclusions of law, we find relator has a remedy available in his appeal currently pending at the Court of Appeals for the Fourth District. *See Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex.App.-Houston [14th Dist.] 1996, no writ) (holding proper remedy for failure to file timely requested findings of fact and conclusions of law is to abate appeal and direct trial court to correct its error).

Accordingly, we deny relator's petition for writ of prohibition and for writ of mandamus.