Petition for Writ of Prohibition and Mandamus Denied and Memorandum
Opinion filed August 4, 2005









 

Petition for Writ of Prohibition and Mandamus Denied
and Memorandum Opinion filed August 4, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00792-CV

____________

 

IN RE AMERICO ENERGY RESOURCES,
LLC, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

AND
PROHIBITION

 



 

M E M O R A N D U M   O
P I N I O N

On August 4, 2005, relator filed a petition
for writ of prohibition and mandamus in this court.  See Tex.
Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relator also filed motions for emergency
relief and for expedited consideration.








This proceeding arises from two underlying actions.  The first was a declaratory judgment action
filed by real party in interest, the State of Texas, seeking a declaration that
relator did not own property rights in certain natural gas pipelines located where
the State is constructing the Tomball Bypass. 
Honorable Sharolyn Wood, judge of the 127th District Court, signed an
order on May 6, 2005, granting the State=s motion for summary judgment and
granting a declaratory judgment in favor of the State.  Relator filed its notice of appeal on June 6,
2005.  The appeal was assigned to the
First Court of Appeals.  On July 20,
2005, the Supreme Court issued an order, transferring the appeal to the
Thirteenth Court of Appeals, in the interest of docket equalization.[1]

Relator filed a motion to enforce suspension of judgment,
seeking an order that the May 6, 2005, judgment was suspended pending
appeal.  The trial judge denied this
motion by order signed on July 25, 2005. 
Relator asks that we issue a writ of mandamus finding that the trial
court abused its discretion in denying the motion to suspend enforcement of the
judgment.  Relator also seeks a writ of
prohibition to prohibit the State from destroying the subject matter of the
declaratory judgment before the appeal is heard. 

The second underlying proceeding was filed by the State on
July 29, 2005.  The State filed a
petition for temporary restraining order and temporary and permanent injunctive
relief.  The State asked the trial court to
restrain and enjoin relator from continuing to transport hydrocarbons or petroleum
products or other substances through pipelines traversing the State=s Tomball Bypass Project.  The petition was heard by Honorable Patricia
Hancock of the 113th District Court. After a hearing, Judge Hancock issued an
order on July 29, 2005, granting the temporary restraining order and setting
the temporary injunction for a hearing on August 12, 2005, before Judge
Wood.  Because the proceeding has been
returned to the 127th District Court for further hearing, relator asks that we
grant a writ of mandamus, finding that the judge abused her discretion in
granting the July 29, 2005, temporary restraining order. 








Our jurisdiction to consider and issue writs is governed by
statute.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004).  Subsection (a) provides that each court of
appeals may issue a writ of mandamus and all other writs necessary to enforce
the court=s jurisdiction.  Id. at ' 22.221(a).  Subsection (b) allows a court of appeals to
issue all writs of mandamus against a Ajudge of a district or county court in
the court of appeals district.@ 
Id. at ' 22.221 (b)(1) (emphasis added).  Thus, we may issue writs of mandamus and
writs other than mandamus, if necessary to enforce our jurisdiction.  Id. at ' 22.221(a).  This portion of the statute does not limit
issuance of writs to only judges in a court of appeals district. Id.  Additionally, the statute allows us to issue
writs of mandamus, even when not necessary to enforce our jurisdiction, but
only against a judge in our court of appeals district.  Id. at ' 22.221(b)(1).

Because the appeal is not pending in this court, relator is
unable to establish that issuing writs of mandamus or prohibition is necessary
to enforce our jurisdiction.  The appeal
of the declaratory judgment is pending in the Thirteenth Court of Appeals.  Accordingly, the power to issue any writs
described in section 22.221(a) lies with that court of appeals.  

Despite our lack of jurisdiction to issue a writ of
prohibition, this court does have power to issue a writ of mandamus against
Judge Wood, pursuant to section 22.221(b) because the 127th District Court is
in our court of appeals district.  However,
relator=s overriding concern in this
proceeding is to stop the State from destroying the subject matter of the
judgment pending appeal.  Although this
court has the power to grant mandamus relief, our inability to prohibit any
action by the state, renders any relief this court could grant
insufficient.  The mandamus relief this
court could issue would address only the refusal to suspend Judge Wood=s judgment, and would not afford
relator the protection it seeks, i.e., stopping the State from
destroying the subject matter of the judgment pending appeal.








Because relator has an appeal pending in the Thirteenth Court
of Appeals, that court has the power to issue both writs of mandamus and
prohibition to protect its jurisdiction by preventing the State from destroying
the subject matter of the judgment pending appeal.  Tex.
Gov=t Code Ann. ' 22.221(a) (Vernon 2004).  Thus, unlike this court, the Thirteenth Court
of Appeals has the power to grant relator all of the relief it seeks.  In Walker v. Packer 827 S.W.2d 833,
840 (Tex. 1992), the supreme court held that mandamus would not issue where
there exists a clear and adequate remedy at law, such as a normal appeal.  Although relator has no adequate remedy by
appeal of the two orders challenged in this proceeding, relator has an adequate
remedy by writ of mandamus and prohibition available in the Thirteenth Court of
Appeals.

Accordingly, we deny relator=s petition for writ of prohibition
and mandamus, as well as relator=s motions for emergency relief and
for expedited consideration. 

 

PER CURIAM

 

Petition Denied
and Memorandum Opinion filed August 4, 2005.

Panel consists of
Chief Justice Hedges, and Justices Hudson and Seymore.











[1]  This case illustrates the problems occasioned by
Supreme Court transfers for docket equalization.  Our court has encountered this problem
before.  See In re Sheshtawy, 161
S.W.3d 1, 1 & n. 1 (Tex. App.BHouston
[14th District] 2003, orig. proceeding)(appeal transferred to Fourth Court of
Appeals and petition for writ of mandamus and injunction filed in Fourteenth
Court of Appeals).