In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00099-CV


______________________________





IN RE: DANNY WAYNE MARTIN









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Danny Wayne Martin, the relator here, filed his petition seeking a writ of mandamus to
compel Edward Miller, (1) presiding as judge in cause number CV01948 on the docket of the 102nd
Judicial District Court of Red River County, Texas, to compel Judge Miller to enter findings of fact
and conclusions of law in said suit. 

 We have been supplied with no record in this matter. Nevertheless, looking past that fatal
deficiency, we will look at the allegations made in the petition. (2) Martin alleges in his petition that
a final judgment was rendered by the trial court on September 4, 2009, in the above-referenced
matter and that Martin made a timely filing of a request for findings of fact and conclusions of law
on September 24, 2009. Martin further goes on to allege that he, Martin, duly filed a notice of past-due findings of fact and conclusions of law on October 23, 2009, but that as of the date of filing of
the petition for writ of mandamus with this Court on November 12, 2009, no such findings of fact
and conclusions of law had been filed.

 In his petition before this Court, Martin correctly asserts that Rule 297 of the Texas Rules
of Civil Procedure provides:

 The court shall file its findings of fact and conclusions of law within twenty
days after a timely request is filed. The court shall cause a copy of its findings and
conclusions to be mailed to each party in the suit. 

 

 If the court fails to file timely findings of fact and conclusions of law, the
party making the request shall, within thirty days after filing the original request, file
with the clerk and serve on all other parties in accordance with Rule 21a a "Notice
of Past Due Findings of Fact and Conclusions of Law" which shall be immediately
called to the attention of the court by the clerk. Such notice shall state the date the
original request was filed and the date the findings and conclusions were due. Upon
filing this notice, the time for the court to file findings of fact and conclusions of law
is extended to forty days from the date the original request was filed.


Tex. R. Civ. P. 297 (emphasis added).

 Despite the use of the mandatory "shall" in Rule 297, even if we were to assume that all of
Martin's allegations in his petition were absolutely true, Martin has not demonstrated that he is
entitled to the affirmative relief which he has requested. For mandamus to issue, we must determine
that appeal does not provide an adequate remedy. In re El Paso County Hosp. Dist., 979 S.W.2d 10,
12 (Tex. App.--El Paso 1998, orig. proceeding). Mandamus will not lie to review a trial court ruling
that is subject to review by the normal appellate process. Wike v. Dagget, 696 S.W.2d 79, 82 (Tex.
App.--Houston [14th Dist.] 1985, orig. proceeding). 

 The proper remedy for an aggrieved party when there has been a failure of a trial court to file
findings of fact and conclusions of law after proper request and the filing of notice that they are past
due is, after an appeal has been filed, to request the appellate court to abate the appeal and direct the
trial court to correct its error. In re Sheshtawy, 161 S.W.3d 1, 4 (Tex. App.--Houston [14th Dist.]
2003, orig. proceeding); Zieba v. Martin, 928 S.W.2d 782, 786 (Tex. App.--Houston [14th Dist.]
1996, no writ).

 Therefore, since Martin has an adequate remedy on appeal, he is not entitled to mandamus
relief. Accordingly, we deny his petition for writ of mandamus.




 Bailey C. Moseley

 Justice


Date Submitted: December 1, 2009

Date Decided: December 2, 2009

1. Martin alleges that although John F. Miller is the presiding judge of the 102nd Judicial
District Court of Red River County, Texas (a fact of which we take judicial notice), John F. Miller
was recused from this case and Edward Miller was assigned to this cause in his stead. We observe
that this allegation is likely to be a misinterpretation by Martin of the role played by Edward Miller. 
2. It is the relator's burden to provide this Court with a sufficient record to establish his right
to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); In re Pilgrim's Pride
Corp., 187 S.W.3d 197, 198-99 (Tex. App.--Texarkana 2006, orig. proceeding); see Tex. R. App.
P. 52.3. Noting this deficiency, we recognize that should we dismiss Martin's request solely on this
basis, Martin (who is alleged to be a pauper) would likely seek to obtain the requisite record at the
expense of the county and return to this Court with the same kind of pleading with which we are now
presented. Since this matter is otherwise fatally flawed, we address the substantive issue in the
interest of judicial economy.


refore, frivolous. Chapter 14 of the Texas Civil Practice and
Remedies Code expressly authorizes a trial court to dismiss such a lawsuit on the court's own
motion. The trial court's decision to dismiss Bowman's lawsuit without prejudice was proper under
our law. No abuse of discretion has been shown.

 We overrule Bowman's sole point of error and affirm the trial court's judgment.




 Jack Carter

 Justice

 

Date Submitted: August 13, 2007

Date Decided: August 22, 2007