

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00099-CV

_____

## IN RE: DANNY WAYNE MARTIN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Danny Wayne Martin, the relator here, filed his petition seeking a writ of mandamus to compel Edward Miller,[1] presiding as judge in cause number CV01948 on the docket of the 102nd Judicial District Court of Red River County, Texas, to compel Judge Miller to enter findings of fact and conclusions of law in said suit.

We have been supplied with no record in this matter. Nevertheless, looking past that fatal deficiency, we will look at the allegations made in the petition.[2] Martin alleges in his petition that a final judgment was rendered by the trial court on September 4, 2009, in the above-referenced matter and that Martin made a timely filing of a request for findings of fact and conclusions of law on September 24, 2009. Martin further goes on to allege that he, Martin, duly filed a notice of past-due findings of fact and conclusions of law on October 23, 2009, but that as of the date of filing of

---

[1]Martin alleges that although John F. Miller is the presiding judge of the 102nd Judicial District Court of Red River County, Texas (a fact of which we take judicial notice), John F. Miller was recused from this case and Edward Miller was assigned to this cause in his stead. We observe that this allegation is likely to be a misinterpretation by Martin of the role played by Edward Miller.

[2]It is the relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Noting this deficiency, we recognize that should we dismiss Martin's request solely on this basis, Martin (who is alleged to be a pauper) would likely seek to obtain the requisite record at the expense of the county and return to this Court with the same kind of pleading with which we are now presented. Since this matter is otherwise fatally flawed, we address the substantive issue in the interest of judicial economy.

the petition for writ of mandamus with this Court on November 12, 2009, no such findings of fact and conclusions of law had been filed.

In his petition before this Court, Martin correctly asserts that Rule 297 of the Texas Rules of Civil Procedure provides:

> The court *shall file* its findings of fact and conclusions of law within twenty days after a timely request is filed. The court *shall cause* a copy of its findings and conclusions to be mailed to each party in the suit.
>
> If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk. Such notice shall state the date the original request was filed and the date the findings and conclusions were due. Upon filing this notice, the time for the court to file findings of fact and conclusions of law is extended to forty days from the date the original request was filed.

TEX. R. CIV. P. 297 (emphasis added).

Despite the use of the mandatory "shall" in Rule 297, even if we were to assume that all of Martin's allegations in his petition were absolutely true, Martin has not demonstrated that he is entitled to the affirmative relief which he has requested. For mandamus to issue, we must determine that appeal does not provide an adequate remedy. *In re El Paso County Hosp. Dist.*, 979 S.W.2d 10, 12 (Tex. App.—El Paso 1998, orig. proceeding). Mandamus will not lie to review a trial court ruling that is subject to review by the normal appellate process. *Wike v. Dagget*, 696 S.W.2d 79, 82 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding).

3

The proper remedy for an aggrieved party when there has been a failure of a trial court to file findings of fact and conclusions of law after proper request and the filing of notice that they are past due is, after an appeal has been filed, to request the appellate court to abate the appeal and direct the trial court to correct its error. *In re Sheshtawy*, 161 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding); *Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Therefore, since Martin has an adequate remedy on appeal, he is not entitled to mandamus relief. Accordingly, we deny his petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:     December 1, 2009
Date Decided:       December 2, 2009