*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★  ★  ★          ★  ★  ★

# MEMORANDUM OPINION

No. 04-09-00727-CR

**IN RE** Jason **MIEARS**

Original Proceeding[1]

PER CURIAM

Sitting:       Sandee Bryan Marion, Justice
                 Steven C. Hilbig, Justice
                 Marialyn P. Barnard, Justice

Delivered and Filed: December 9, 2009

PETITION FOR WRIT OF INJUNCTION DISMISSED

On November 13, 2009, relator filed an application for writ of injunction, alleging the trial court "failed to grant [his] request for application for probation leaving [him] unable to present mitigating factors if found guilty during the sentencing phase of the trial." Relator requests that we issue the writ ordering the trial court to grant the application for probation. This court's authority to issue writs of injunction, however, is limited to those necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683

---

[1] This proceeding arises out of Cause No. 2009-CR-6566, styled *State of Texas v. Jason Miears*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

(Tex. 1989) (orig. proceeding); *In re Sheshtawy*, 161 S.W.3d 1, 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).   Here, relator has neither alleged nor shown that the relief he seeks is necessary to enforce this court's jurisdiction.   Therefore, this court is without jurisdiction to issue the writ of injunction.[2]

Because we lack jurisdiction over this proceeding, we dismiss relator's petition for writ of injunction.

PER CURIAM

DO NOT PUBLISH

---

[2] Even if we construe relator's petition for writ of injunction as a petition for writ of mandamus, the record before us fails to establish relator is entitled to the relief requested.   Although relator alleges he filed his motion on November 2, 2009, relator has not provided this court with a file-stamped copy of the motion, a copy of the trial court's docket, or any other proof that he filed the motion and that it is pending before the trial court.   In addition, if a motion is properly filed, a trial court has a reasonable time within which to perform its ministerial duty.   *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).   Even if relator's motion was properly filed on November 2, 2009, the record does not show that the motion has awaited disposition for an unreasonable amount of time.   Accordingly, even if we construe relator's petition as a petition for a writ of mandamus, because relator has not met his burden of providing a record establishing that a motion was properly filed and has awaited disposition for an unreasonable amount of time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own docket.   *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding).