*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00315-CV

**IN RE JAMES PLACE AND GERRY SAUM**

Original Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: May 5, 2010

PETITION FOR WRIT OF INJUNCTION DISMISSED

On April 22, 2010, relators James Place and Gerry Saum filed a petition for writ of injunction and a motion for temporary relief seeking to enjoin the Annual Owners' Meeting of the Barrington Condominium Association, Inc., which is scheduled for April 30, 2010. Relators request that we grant the motion for temporary relief and issue the writ of injunction in order to prevent the destruction of the subject matter of pending Appeal No. 04-09-00752-CV, which challenges an interlocutory order appointing a temporary receiver for the Barrington Condominium Association, Inc. in the underlying cause. This court's authority to issue writs of injunction is limited to those necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004); *Holloway*

---

[1] This original proceeding arises out of Cause No. 2009-CI-10922, styled *Fanning, et al. v. Barrington Condominium Assoc., Inc.*, pending in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Olin B. Strauss presiding.

*v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (purpose of writ of injunction is to enforce or protect appellate court's jurisdiction); *In re Sheshtawy*, 161 S.W.3d 1, 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). This court may grant injunctive relief to preserve the subject matter of a pending appeal or if a failure to grant relief would result in the appeal becoming moot. *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, orig. proceeding). We do not have jurisdiction to issue a writ of injunction merely to preserve the status quo or prevent loss or damage to one of the parties during the appeal. *Id.*; *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.—San Antonio 1980, orig. proceeding). Here, relators have not shown that injunctive relief is necessary to enforce this court's jurisdiction. Therefore, this court is without jurisdiction to issue the writ of injunction.

Accordingly, relators' petition for writ of injunction is dismissed for lack of jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a). Because relators are not entitled to injunctive relief, their motion for temporary relief is denied. Respondents' request for sanctions in the form of attorney's fees is denied. *See* TEX. R. APP. P. 52.11. Relators shall pay all costs incurred in this proceeding.

PER CURIAM