**DISMISS; and Opinion Filed December 11, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-15-01444-CV**

**No. 05-15-01445-CV**

**No. 05-15-01446-CV**

**No. 05-15-01447-CV**

**IN RE TROY LEE PERKINS, Relator**

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0700645-S, F-0771769-S, F-0771970-S, F-0700645-S**

## MEMORANDUM OPINION
Before Justices Francis, Myers, and Schenck
Opinion by Justice Schenck

Relator filed this original proceeding challenging his criminal conviction. The Court lacks jurisdiction over the petition. Relator originally filed this original proceeding seeking a writ of injunction. On December 9, 2015, the Court received relator's "Correction on Filing," in which he requested that the Court treat the original proceeding as seeking a writ of mandamus. We conclude relator is not entitled to relief by either writ of injunction or writ of mandamus.

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding); *In re Sheshtawy,* 161 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). The use of a writ of injunction is limited to cases in which we have actual jurisdiction of a pending proceeding. *In re Wyatt,* 110 S.W.3d 511 (Tex. App.—Waco 2003,

orig. proceeding). Relator has no appeal currently pending in this court. As a result we lack jurisdiction to grant a writ of injunction. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004) (court may grant writs other than mandamus "necessary to enforce the jurisdiction of the court").

Relator is also not entitled to mandamus relief. The complaints asserted in relator's petition represent a collateral attack on his final felony conviction. The only proper means of collaterally attacking a final felony conviction is by means of a petition for writ of habeas corpus under article 11.07 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West 2015) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped the exclusive authority of court of criminal appeals to grant post-conviction relief). This Court has no jurisdiction over complaints that may only be raised by post-conviction habeas corpus proceedings brought under article 11.07. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2015).

We dismiss the petition for want of jurisdiction.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

151444F.P05