**DISMISS; and Opinion Filed February 9, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01369-CV

### MICHAEL D. WILSON, Appellant
### V.
### WOODLAND HILLS APARTMENTS, Appellee

**On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-15-04980-C**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Myers
Opinion by Chief Justice Wright

Appellant Michael D. Wilson, appearing pro se, appeals the final judgment of possession in a forcible detainer action against him. In three issues, he argues:

(1) the trial court lacked jurisdiction to hear this matter because the contract subject in this matter is null, void, and unenforceable;

(2) the trial court erred by authorizing a writ of possession against Wilson because a cash surety in lieu of supersedeas was posted to the court's registry prior to writ being executed;

(3) the trial court erred by authorizing a writ of possession before hearing a temporary restraining order filed by Wilson against Woodland Hills Apartments.

Woodland Hills argues this appeal is moot. We dismiss the appeal as moot.

**Background**

Wilson entered into a one-year lease rental contract with Woodland Hills. The lease term was from December 6, 2014 to December 5, 2015. Wilson contracted to pay $685.00 a month in rent. Wilson's rent payment was partially subsidized through a government program. Wilson's first rent payment came due on July 1, 2015, because the government program covered the previous months' rent payments. Wilson paid July's rent past the due date on July 27, 2015. August's rent came due on August 1, 2015, and Wilson failed to pay on time again. As a result, in September, Woodland Hills filed a sworn complaint for eviction against Wilson for failure to pay rent. After a jury trial in the justice court, the jury found in favor of Woodland Hills.

Wilson appealed the justice court's judgment to evict him to the county court at law. The county court heard the appeal in a trial de novo and ruled in favor of Woodland Hills. The court entered a final judgment in favor of Woodland Hills for possession of Wilson's leased premises. In conjunction with the final judgment, the court entered an order setting supersedeas bond on November 6, 2015. The court ordered Wilson to deposit a supersedeas bond in the amount of $685.00 into the court's registry by November 16, 2015. The court also ordered Wilson to continue paying $685.00 a month, the amount of his rent, into the registry of the court on the first day of each month during the pendency of this appeal.

Wilson did not pay the supersedeas bond ordered by the court by the November 16, 2015 deadline. As a result, Woodland Hills requested that a writ of possession be issued. The writ of possession was issued by the county clerk's office on November 17, 2015, and notice was given.

On November 24, 2015 at 1:36 p.m., Wilson filed the $685.00 supersedeas bond. On that same day, November 24, 2015, the Dallas County constable executed the writ of possession at 2:49 p.m., removing Wilson's possessions from the property.

## I. Mootness

Wilson raises three issues on appeal:

(1) the trial court lacked jurisdiction to hear this matter because the contract subject in this matter is null, void, and unenforceable;

(2) the trial court erred by authorizing a writ of possession against Wilson because a cash surety in lieu of supersedeas was posted to the court's registry prior to writ being executed;

(3) the trial court erred by authorizing a writ of possession before hearing a temporary restraining order filed by Wilson against Woodland Hills Apartments.

Woodland Hills argues this appeal is moot because possession of the premises has already been delivered by writ of possession following Wilson's failure to timely pay the supersedeas bond, and Wilson has no claim to the premises because the lease term has expired. We agree with Woodland Hills.

## Standard of Review

Whether a court has subject matter jurisdiction is a legal question that is reviewed de novo. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). The mootness doctrine implicates subject matter jurisdiction. *See id*.

## Applicable Law

We find a case moot if, at any stage during the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). When an issue on appeal is rendered moot, we lack subject matter jurisdiction. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (stating that courts have no jurisdiction over mooted controversies because they cannot issue advisory opinions).

The only issue in a forcible-detainer action is the right to actual possession of the premises. TEX. R. CIV. P. 510.3(e); *see also Marshall v. Housing Auth. of the City of San*

*Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Under the Texas Property Code, a judgment in a forcible detainer action "may not under any circumstances be stayed pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007 (West Supp. 2015). An appellant's failure to supersede a forcible-detainer judgment will not divest an appellant of her right to appeal, but the failure to supersede does subject the judgment to enforcement, including the issuance of a writ of possession. *Marshall*, 198 S.W.3d at 786-87. When the appellant ceases to have actual possession of the property, an appeal of a judgment in a forcible-detainer action becomes moot unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession." *Id*. at 787.

**Discussion**

Here, the record establishes that the trial court signed the judgment of possession on November 06, 2015. The court ordered Wilson to pay a supersedeas bond in the amount of $685.00 by November 16, 2015. Wilson did not pay the supersedeas bond by the November 16, 2015 deadline. Woodland Hills subsequently obtained possession of the property by execution of a writ of possession. Wilson's lease term also ended on December 5, 2015. We agree with Woodland Hills that this appeal is moot because Wilson no longer has possession of the premises, and his lease has expired.

Because we lack subject matter jurisdiction, we are not able to address Wilson's three arguments. Even if we did reach the merits of his arguments, we do not believe Wilson could assert a potentially meritorious claim of right to current, actual possession. Wilson paid July's rent untimely and failed to pay his August rent, which started the eviction proceedings. Furthermore, he was ordered by the trial court to continue paying his monthly rent payments to the court's registry, but by the day of his trial, October's and November's rent was not paid into

the court's registry. Furthermore, on the day of his trial Wilson did not pay the past due rent payments to make his rent current. During the trial, Woodland Hills also informed the court that Wilson violated other terms of his lease, such as trash and grilling violations. The trial court also offered Wilson and Woodland Hills the opportunity at trial to make an agreement to continue the lease, but the parties failed to come to an agreement.

Wilson would have to show a right to possession after his lease expired; his lease expired December 5, 2015. Wilson has not shown an actual right to possession.

Because Wilson is no longer in possession of the property at Woodland Hills and has not asserted a potentially meritorious claim of right to current, actual possession, Wilson's appeal is moot. *See Marshall*, 198 S.W.3d at 787.

## II. Wilson's Requests for Injunctive Relief

During the pendency of Wilson's appeal, on December 27, 2016, Wilson filed an "Amended Motion and Application for Writ of Injunction";[1] on January 10, 2017, Wilson filed a "Corrected Application for Writ of Injunction and Emergency Relief." In these applications, Wilson responds to Woodland Hills' mootness argument by requesting this Court to grant him injunctive relief. The heart of Wilson's arguments is that the trial court erred by granting the Writ of Possession because Wilson in fact paid the supersedeas bond. Wilson requests that this Court review his rent payment receipts and the receipts issued by the county clerk. We have reviewed the record. We deny Wilson's requests for injunctive relief.

---

[1] In both of Wilson's Writs of Injunction and in his appellant brief, Wilson argues that Woodland Hills has engaged in terroristic behavior by evicting him. We have reviewed all of Wilson's injunctive relief arguments regarding terrorism and military training. We decline to address those arguments because they are not properly briefed and are waived. *See* TEX. R. APP. P. 38.1(h-i); *Wilhoite v. Sims*, 401 S.W.3d 752, 760 (Tex. App.—Dallas 2013, no pet.). We also acknowledge receipt of Wilson's Patriot Act Affidavits, but they are not relevant to our resolution of this appeal.

**Applicable Law**

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989); *In re Sheshtawy*, 161 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). The use of a writ of injunction is limited to cases in which we have actual jurisdiction of a pending proceeding. *In re Wyatt*, 110 S.W.3d 511 (Tex. App.—Waco 2003, orig. proceeding). Moreover, a writ of injunction is issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Id*. Under section 22.221 of the Texas Government Code, we may grant "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221 (West 2004). The threat of jurisdictional interference must be real; the writ will not issue to prevent the mere possibility of interference. *In re Castle Texas Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding).

As discussed above in the first issue, a judgment in a forcible detainer action "may not under any circumstances be stayed pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007 (West Supp. 2015).

**Discussion**

On December 13, 2016, Wilson filed an objection to the Clerk's record because the record did not contain the receipt of a $685.00 payment Wilson paid into the court's registry. A supplemental clerk's record was filed with this Court on December 22, 2016. On November 6, 2015, the trial court set a supersedeas bond ordering Wilson: (1) to pay $685.00 by November 16, 2015 and (2) to continue to pay the amount of his rent each month into the court's registry. Wilson did not follow the trial court's supersedeas bond order. Wilson failed to timely pay the initial bond by the November 16, 2015 deadline, and he failed to pay his October and November

–6–

monthly rent payments into the court's registry. Moreover, on November 30, 2015, the trial court ordered the release of the original $685.00 payment to Wilson, and Wilson received the $685.00 out of the court's registry. Wilson's arguments fail.

We may only issue a writ of injunction to enforce or protect the appellate court's jurisdiction. Wilson does not assert any matter that implicates our Court's jurisdiction.

Therefore, we deny Wilson's requests for injunctive relief.

## Conclusion

Wilson's case is moot as to the issue of possession. We dismiss the appeal for lack of subject matter jurisdiction. For all the reasons discussed above, we overrule all pending requests, motions, objections, and applications filed by Wilson in this Court.


<u>/Carolyn Wright/</u>
CAROLYN WRIGHT
CHIEF JUSTICE


151369F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL D. WILSON, Appellant

No. 05-15-01369-CV      V.

WOODLAND HILLS APARTMENTS,
Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-15-04980-C.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal as moot.

It is **ORDERED** that appellee WOODLAND HILLS APARTMENTS recover their costs of this appeal from appellant MICHAEL D. WILSON.

Judgment entered this 9th day of February, 2017.