

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00485-CV

**IN RE** Maria Del Socorro **GONZALEZ** and Cesario Gonzalez

Original Mandamus Proceeding[1]

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Karen Angelini, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 1, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On July 8, 2014, relators Maria Del Socorro Gonzalez and Cesario Gonzalez filed a petition

for writ of mandamus, complaining of the trial court's order granting the paternal grandparents

possession and access to the child the subject of the relators' underlying petition for adoption. We

conclude the trial court lacked jurisdiction to enter the challenged order, which is therefore void.

We conditionally grant mandamus relief.

## BACKGROUND

Relators filed an original petition for adoption of their grandson in August 2011. Their

daughter, the child's mother, died from injuries sustained in a car accident in December 2007. The

child's father also died as a result of the same accident. In 2009, relator Maria Gonzalez, the child's

---

[1] This proceeding arises out of Cause No. 7,848, styled *In the Interest of C.J.T., a Child*, pending in the 49th Judicial District Court, Zapata County, Texas, the Honorable H. Paul Canales presiding.

maternal grandmother, was appointed the child's permanent guardian. The child has continued to reside with his maternal grandparents since that time.

The child's paternal grandmother, Irma Perez-Chapa, filed a general denial in response to the relators' adoption petition. The paternal grandfather, Francisco Tovar, also filed a general denial, objected to the assignment of an associate judge and objected to the adoption. In September 2012, approximately one week before the adoption was scheduled for final hearing, Perez-Chapa filed an intervention in the adoption proceeding in which she sought for the first time an order granting her possession of and access to the child. Three days later, Tovar filed a motion for grandparent access in the adoption proceeding, requesting an order granting him possession of and access to the child. Relators filed motions to strike or dismiss both Perez-Chapa's intervention and Tovar's motion for access.

At a hearing on November 2, 2012, the trial court, on its own motion, again postponed hearing the merits of relators' adoption petition, the motions to strike or dismiss the paternal grandparents' requests for access, and "other pending motions." Instead, the trial court issued temporary orders allowing the paternal grandparents some access to the child and requiring the parties to attend counseling.

The record submitted in this mandamus proceeding does not reflect what occurred between November 2012 and March 2014. Fiats signed in February and March 2014 set the paternal grandparents' requests for access and relators' motions to strike or dismiss those requests for hearing in April. The reporter's record from a hearing on May 29, 2014, reflects that the parties entered into an agreement on some issues. Counsel for relators represented to the trial court at the hearing that he had submitted for the court's signature a proposed amended order denying the adoption petition and "making it an appealable order." The trial court acknowledged signing the proposed order on the record, explaining his handwritten notation on the order to read, "[t]his order

is appealable." Counsel for the paternal grandfather also noted for the record that he would be withdrawing and refiling his motion for grandparent access, "to avoid the objection that statutorily the court cannot hear that motion because it was pending when the adoption was pending." In exchange, counsel for relators agreed to accept service on his clients' behalf "for whatever refiling should happen." The court indicated that the parties were to return on June 27 for a hearing on all pending motions.

The order signed by the trial court on May 29 is titled "Amended Order Denying Adoption."[2] It recites that the case was heard on November 8, 2013, with all parties appearing and announcing ready for trial. The order denies relators' petition for adoption and states, "IT IS ORDERED that all relief requested in this case and not expressly granted is denied." Next to this paragraph is the trial court's initialed handwritten notation, "This order is appealable." Relators filed a notice of appeal from the May 29 order on June 20, 2014.[3]

As referenced at the hearing, the trial court issued a notice of hearing on June 13 advising the parties that the case was set for hearing on June 27 on "pending motions." Counsel for relators sent a letter to the judge on June 25 advising that a hearing was not needed because all relief not expressly granted in the case had been denied by the May 29 order, the paternal grandparents' requests for access had been withdrawn, and the motion to strike or dismiss those requests had been rendered moot by the May 29 order. The trial court convened the hearing on June 27. Counsel for the paternal grandparents appeared, but counsel for relators did not.

At the hearing, the paternal grandparents re-urged their requests for access in the adoption proceeding, asserting that relators had breached the parties' agreement by raising objections to the

---

[2] Despite being called an "amended order," the record does not reflect any prior written order denying the adoption.
[3] Relators' appeal in Cause No. 04-14-00621-CV, styled *In the Interest of C.J.T., a Child*, is currently pending in this court.

paternal grandparents' new pleadings filed in new cause numbers.[4] The paternal grandparents asserted that, as a result, their intervention and motion for grandparent access filed in the adoption were still "live pleadings" and requested rulings from the court, because the court "has already denied the adoption."

The trial court granted the paternal grandparents' requests for possession and access without hearing any evidence and signed an order dated June 27, 2014, essentially giving the paternal grandparents, who apparently do not reside together, shared standard possession of the child. Relators filed this original mandamus proceeding asserting the trial court abused its discretion in awarding possession and access to the paternal grandparents in the absence of standing. This court granted a temporary stay preventing the enforcement of the June 27 order and requesting a response to the mandamus petition on July 9, 2014. No response to the petition has been filed.

## ANALYSIS

"The Texas Legislature has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship." *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied); *see* TEX. FAM. CODE ANN. §§ 102.002-.006 (West 2014). Texas Family Code section 102.004, which governs grandparent standing, specifically provides that "[p]ossession of or access to a child by a grandparent is governed by the standards established by Chapter 153." TEX. FAM. CODE ANN. § 102.004(c) (West 2014). Section 153.434 provides:

---

[4] The paternal grandparents each filed separate original petitions for grandparent access in Zapata County district court after the May 29 hearing. Counsel for relators accepted service of these petitions on relators' behalf without citation.

> A biological or adoptive grandparent ***may not request*** possession of or access to a grandchild if: (1) each of the biological parents of the grandchild has: (A) died; . . . and (2) the grandchild has been adopted, or is the subject of a pending suit for adoption, by a person other than the child's stepparent.

TEX. FAM. CODE ANN. § 153.434 (West 2014) (emphasis added).

This court has previously held that Section 153.434 provides a statutory bar to a grandparent's standing to seek possession and access in the precise circumstances present at the time Perez-Chapa and Tovar brought their requests for relief. *H.G.*, 267 S.W.3d at 124, 126. In Chapter 153, the Legislature has established "a bright line before which a grandparent's request for access of a grandchild may be made and after which it may not." *Bowers v. Matula*, 943 S.W.2d 536, 539 (Tex. App.—Houston [1st Dist.] 1997, no writ).

It is undisputed that both of the child's parents were dead and that a suit for his adoption was pending at the time Perez-Chapa's intervention and Tovar's motion for grandparent access were filed in September 2012. Accordingly, the paternal grandparents lacked standing to bring their requests for possession and access. *H.G.*, 267 S.W.3d at 126.

Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). "An absence of standing deprives the trial court of subject matter jurisdiction and renders any trial court action void." *H.G.*, 267 S.W.3d at 125 (*citing Taub v. Aquila S.W. Pipeline Corp.*, 93 S.W.3d 451, 461 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

The paternal grandparents appear to argue that the trial court's order denying the adoption petition somehow conferred standing because the adoption of the child was no longer pending. We disagree. Section 153.434 precludes a grandparent's standing to request possession or access under certain conditions. The paternal grandparents did not plead any valid statutory basis for their standing to seek possession and access to the child, nor have they directed this court to any. The

trial court's denial of the adoption petition on May 29, 2014, cannot operate to confer standing with respect to their requests filed in September 2012. Nor does the denial of the adoption petition mean that the child is no longer "the subject of a pending suit for adoption." An appeal from the trial court's order denying the adoption is currently pending in this court. The suit for adoption will remain "pending" until that appeal has been fully and finally resolved, or it is otherwise dismissed in the trial court. *See, e.g., In re Gonzalez*, 981 S.W.2d 313, 314 (Tex. App.—San Antonio 1998, pet. denied) (holding trial court retains jurisdiction to do certain things in suit affecting parent-child relationship during the pendency of an appeal); *see also* TEX. FAM. CODE ANN. § 109.001 (West 2014) (absent being superseded by appellate court order, trial court retains jurisdiction to enforce its orders during pending appeal).

## CONCLUSION

Based on the foregoing analysis, we conclude the paternal grandparents lacked standing to request possession of or access to the child in this instance. *See H.G.*, 267 S.W.3d at 126. In the absence of standing, the trial court lacked jurisdiction to grant the paternal grandparents' requests for possession and access. The trial court's June 27, 2014 order granting the requested access is void. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate the June 27 order.[5] *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2009) (mandamus proper if trial court issues order beyond its jurisdiction). The writ will issue only if the trial court fails to comply within ten days from the date of this court's order.

Rebeca C. Martinez, Justice

---

[5] Because the trial court's May 29 Amended Order Denying Adoption includes, "all relief requested in this case and not expressly granted is denied," we conclude relators' request that the trial court also be directed to enter an order granting relators' motions to strike or dismiss the paternal grandparents' requests for relief is moot.